**Andrew R. YOUNG, Jane Mathis Haymes and Sixty-Seven Properties Corporation, Appellants,**

**v.**

**J. F. ZIMMERMAN & SONS, INC., Appellee.**

**No. 4756.**

Court of Civil Appeals of Texas.

Waco.

Nov. 27, 1968.

Rehearing Denied Dec. 19, 1968.

John A. Pace, Dallas, for appellants.

Phinney, Hallman, Pulley & Livingstone, Norman Nelson, Jr., Dallas, for appellee.

## OPINION

WILSON, Justice.

Plaintiff recovered judgment against appellant-defendants as customer and guarantors under a written contract by which plaintiff agreed to manufacture and erect an electric sign for appellant customer. The parties filed a stipulation of facts. The judgment recites testimony was heard. There is no statement of facts. Findings and Conclusions were filed.

Defendants' chief contentions are that (1) plaintiff made no demand upon them as the contract required, (2) the guaranty does not cover the items included in the judgment, and (3) they are not liable for damages accruing after plaintiff sold the sign to another.

The contract provided plaintiff would furnish, erect and maintain the sign as specified. The customer agreed to pay $260 per month for 60 months, with optional renewal privileges thereafter at a reduced rate. It was agreed that on default "the customer shall pay the company upon demand $213 plus tax for each month of the unexpired portion of the contract" less a prepayment credit, "which sum is agreed to be the actual loss which would be suffered by the company in any such event and is not a penalty." The total sum was made payable on demand.

The guaranty agreement signed by appellant guarantors provided: "We hereby guarantee the prompt payment of all bills accruing under the within agreement at the dates for the period in said agreement mentioned and also guarantee the performance of the other undertakings by the customer as described and set forth in said agreement, in manner and form as in said agreement provided."

The customer defaulted in 1963, and written demand was made to the guarantors, who thereupon arranged for temporary reduction in the amount of monthly payments. The payments again were in default, and the court found that plaintiff then renewed its demand on all defendants for payment of the entire balance under the contract.

■ Failure to make demand is an affirmative defense under Rule 94, Texas Rules of Civil Procedure. Appellants waived the defense by failure to plead it. Durrum v. Hendrick, 4 Tex. 495; Gresham v. McElroy, Tex.Civ.App., 309 S.W.2d 84, 90 syl. 5.

■ Appellants argue that the contract calls for payment of a penalty, rather than liquidated damages. That point was not raised in the trial court, and was not pleaded as an affirmative defense. It likewise was waived. Smith v. Waite, Tex. Civ.App., 424 S.W.2d 691, 693, writ ref. n. r. e.

■ Appellant attacks award of interest and attorneys' fees against appellant guarantors. These obligations were specified in the basic contract. By guaranteeing performance of these undertakings the guarantors became liable therefor. In Miller v. Bush, Tex.Civ.App., 42 S.W.2d 156, writ ref., cited by appellants, the contract "was silent" as to these undertakings. Looney v. LeGeirse & Co., 2 Willson Civ.Cas., Ct. App. § 531 cited to the text of 27 Tex.Jur. 2d 335, relied on by appellants is adverse to their contention and supports the present holding.

■ After default by the customer, plaintiff took possession of the sign, refabricated it, and sold it to another party. Appellants urge that their liability is limited to the amount of payments actually past due at that time. They rely on decisions

**928**

applying common-law rules concerning rights of lessees upon reletting after breach. The rights of the parties in the present action result from contract, not from common law. Under the contract, title to the sign was vested in plaintiff. The parties agreed that in event of default plaintiff "may also in such event remove the sign from the premises in addition to requiring payment of damages aforesaid."

Under the record the court was authorized to determine that the total amount of payments was equivalent to the cost of fabrication of the sign, and profit which plaintiff lost. Plaintiff was required to re-make the sign, changing the name, ornaments and wording, before selling it to a new customer. There is no pleading or showing of unjust enrichment or other equitable defense to make the sale to the third person inure to appellants' advantage or preclude recovery by plaintiff. The parties agreed by the contract that the total amount of payments was "the actual loss which would be suffered" by plaintiff. The re-made sign, with three others, was sold for $1500. There is nothing to show that this was not a reasonable charge for the new work.

Finally, appellants say the judgment was erroneous because no recovery was awarded against one of the principal obligors under the contract, and "the record shows no reason" for the omission. Rule 31, Texas Rules of Civil Procedure, provides that no surety shall be sued unless his principal "is joined" with him, as appellants insist; but it does not require a judgment against the principal. The omitted principal in this case pleaded discharge in bankruptcy. There is no statement of facts, and it is presumed the evidence sustains findings necessary to support the judgment, and that the judgment disposed of all parties. North East Independent School District v. Aldridge (Tex.Sup., 1966), 400 S.W.2d 893, 897, syl. 2.

Affirmed.