**Lloyd R. BLUME et al., Petitioners,**

v.

**NATIONAL HOMES CORPORATION,**
**Respondent.**

**No. B–1240.**

Supreme Court of Texas.

April 30, 1969.

Rehearing Denied June 18, 1969.

Heath & Robinson, Bob Heath, Houston, for petitioners.

Wendell S. Loomis and Joseph O. Humphreys, Houston, for respondent.

SMITH, Justice.

On February 2, 1965, National Homes Corporation filed this suit against the defendants, Lloyd R. Blume, Lowell R. Blume, Linton Building Co., a corporation and the Champion Mortgage Company, a corporation, alleging a cause of action on a sworn account. In its suit, National

Homes Corporation sought judgment in the total sum of $7,489.06—$4,989.06, being the alleged indebtedness and $2500.00 attorney's fees. After a jury trial, the trial court entered judgment for National Homes Corporation against the "defendants, Lloyd R. Blume, Lowell R. Blume and Linton Building Co., a corporation in the sum of ———— $4,989.06 ———— together with interest thereon at the rate of six percent (6%) per annum from the first day of January, 1964, and the sum of ———— (2,000.00). ———— together with interest thereon at the rate of ———— (6%) per annum from this date ————." The Court of Civil Appeals has affimed, 433 S.W.2d 244. The judgments of the Courts below are affirmed in part and reversed and rendered in part.

For clarification, it is necessary to state some of the procedural background of this case. The judgment of the trial court recites that at the close of Plaintiff's evidence, the "defendant's motion for instructed verdict in favor of Lawrence R. Champion, d/b/a Champion Mortgage Co.," was granted as to Champion. The motion was granted on the ground that Champion Mortgage Company, a corporation, was nonexistent and service on such corporation was not service upon Lawrence R. Champion d/b/a Champion Mortgage Company, individually, the real party defendant. Since National did not file a petition for writ of error, the question of the dismissal of Champion from the suit is not before us.

The basis for National's suit was a "Dealer Sales Agreement",[1] executed on September 1, 1961, and a "Guaranty Agree-

1. This agreement is made in duplicate between NATIONAL HOMES CORPORATION an Indiana corporation of Lafayette, Indiana, hereinafter called Company, and LLOYD R. BLUME AND LOWELL R. BLUME, d/b/a LINTON BUILDING COMPANY, a partnership of Houston, Harris County, Texas, hereinafter called the Dealer.

\* \* \* \* \* \* \* \* \* \* \* \* \*

2. OTHER ORGANIZATIONS OF THE DEALER—If the Dealer named above, or any of the owners or members of the family of any of the owners of such Dealer, have or acquire any direct or beneficial ownership interest in any other organization which is engaged anywhere (whether individually or as a partnership or corporation) in the sale, construction or financing of National Homes, the provisions of this agreement shall apply to and be binding upon such organization upon acceptance by it of delivery of any product of the Company. The Dealer named above agrees to promptly notify the Company of the existance and proposed operations of any such organization. Until such time as the Company, in its discretion, shall execute a Dealer Sales Agreement with such organization, the Dealer named above shall be primarily responsible and liable to the Company for the failure or refusal of such organization to perform all of the provisions of this agreement to the same extent as if such organization had executed this agreement covering the territory in which it operates. It is specifically agreed, however, that nothing herein contained shall obligate the Company to transact business with any person or organization which does not have a Dealer Sales Agreement with the Company.

\* \* \* \* \* \* \* \* \* \* \* \* \*

IN WITNESS WHEREOF, the Dealer has duly executed this agreement as of the 1 day of September, 1961.

LINTON BUILDING COMPANY (Partnership)

(Dealer)
/s/ Lloyd R. Blume
/s/ Lowell R. Blume

ACCEPTED this 26th day of
January, 1962, by
NATIONAL HOMES CORPORATION
By /s/ Anson M. McAdams
Title: Senior Vice President

ment",[2] dated September 1, 1961. The "Dealer Sales Agreement" was entered into between National and the dealer, "Lloyd R. Blume and Lowell R. Blume, d/b/a Linton Building Company, a partnership of Houston, Harris County, Texas." The "Guaranty Agreement", signed by Lloyd R. Blume and Lowell R. Blume individually, obligated the Blumes to guarantee, full and complete performance by the dealer of all covenants, agreements and conditions to be performed by it under the "Dealer Agreement", and under the terms of any future agreement pertaining to the "Sale, construction or financing of National Homes." The Linton Company, a partnership, was later incorporated under the name of the Linton Building Co., a corporation. Although, the corporation and not the partnership was made a party to this suit, National contends that at the time sales were made to Linton Building Company, a partnership, pursuant to the "Dealer Sales Agreement", it had no notice that the dealer was operating in the name of the corporation. The jury found that the Blumes, "doing business as Linton Building Company—as "Dealer" did not give such notice. The jury also found that the sum of $2,000.00 would reasonably and fairly compensate National, as reasonable attorney's fees for services rendered by its attorney. Based upon these jury findings and an instructed verdict as to the amount of the indebtedness, the trial court entered judgment as above indicated. The Linton Building Co., a corporation, did not per-

fect an appeal. However, Lloyd R. Blume and Lowell R. Blume did perfect an appeal to the Court of Civil Appeals and they are the only petitioners in this Court. The National Homes Corporation is the respondent.

The principal questions presented for our decision are: (1) whether the Court of Civil Appeals erred in construing the guaranty agreement, especially in holding that the guaranty agreement bound the Blumes to guarantee the performance of any entity [Linton Building Co., A Corporation] besides Linton Building Company, a partnership; and (2) whether the Court of Civil Appeals erred in affirming the trial court's judgment awarding attorney's fees. We overrule the points of error presenting the first question and sustain the points which present the contention that it was error for the trial court to allow a recovery of attorney's fees.

■ It is unnecessary to write at length upon either question. From an examination of the pleadings, the "Dealer Sales Agreement" and the "Guaranty Agreement", we conclude that the Blumes are liable for the indebtedness by virtue of their guaranty agreement only. The "Guaranty Agreement", in effect, says that the guarantors will pay all indebtedness the dealer in the agreement owes under the terms of the agreement. The evidence supports the jury finding that the Blumes, d/b/a Linton Building Company, a partnership, failed to give notice to National of

2. To induce National Homes Corporation to enter into the foregoing Dealer Sales Agreement, the undersigned, jointly and severally, have guaranteed and by these presents do guaranty to National Homes Corporation the full and complete performance by Dealer of all of the covenants, agreements, obligations, indemnities and conditions to be performed by it (a) under the terms of said Dealer Sales Agreement, and, without limiting the generality of the foregoing, do hereby guaranty the prompt payment to National Homes Corporation of all sums which may from time to time become due National Homes Corporation from Dealer under the terms of said Dealer Sales Agreement, and (b) under the terms of any agreement hereafter made by Dealer with third parties pertaining to the sale, construction or financing of National Homes.
Executed this 1 day of September, 1961.

|  | /s/ Lloyd R. Blume |
| Individual | Individual |
|  | /s/ Lowell R. Blume |
| Individual | Individual |

the existence of the Linton Building Company, a corporation. Under the terms of the "Guaranty Agreement", the Blumes guaranteed "full and complete performance by Dealer of all of the covenants, agreements, obligations, indemnities and conditions" to be performed under the terms of the "Dealer Sales Agreement". The "Dealer Sales Agreement" provides that as to any other organization which the Dealer acquires or has a beneficial ownership interest in which it does business with National, then such organization shall be held to the provisions of the agreement and " * * * the Dealer named above shall be primarily responsible and liable to the Company [National Homes Corporation] for the failure or refusal of such organization to perform all of the provisions of this agreement to the same extent as if such organization had executed this agreement concerning the territory in which it operates." Since sales were made in accordance with the agreement, it was unnecessary for National to make Linton Building Company, a partnership, a party to the suit.

We turn now to the question as to whether or not the Courts below erred in allowing National a recovery of attorney's fees. Neither the "Dealer Sales Agreement" nor the "Guaranty Agreement" contains an agreement that the Blumes should be liable for attorney's fees. It is well settled that signers of Guaranty Agreements are not liable for attorney's fees incurred in suits to enforce such guaranty agreements in the absence of an express provision for such liability. Miller v. Bush, 42 S.W.2d 156 (Tex.Civ.App.1931, writ ref'd.)

Accordingly, the judgments of the trial court and the Court of Civil Appeals awarding National Homes Corporation attorney's fees are reversed and judgment is here rendered that National Homes Corporation recover nothing as attorney's fees against Lloyd R. Blume and Lowell R. Blume. In all other respects the Judg-

ments of the Courts below are affirmed. All costs are adjudged equally against the plaintiff, National Homes Corporation, and the defendants Lloyd R. Blume and Lowell R. Blume.