**Anthony A. LoBUE, Appellant,**

v.

**UNITED SERVICES PLANNING ASSOCIATION, Inc., et al., Appellees.**

**No. 17221.**

Court of Civil Appeals of Texas, Fort Worth.

May 7, 1971.

Rehearing Denied June 4, 1971.

Leonard L. Franklin, Austin, for appellant.

Max E. Clark and Larry R. Jones, Fort Worth, for appellees.

## OPINION

BREWSTER, Justice.

The plaintiff, Anthony A. LoBue, sued United Services Planning Association, Inc., and Carroll H. Payne, defendants, to recover commissions plaintiff claimed to have earned by selling insurance policies and shares in mutual stock funds pursuant to written contracts of employment between these parties. A jury trial was held and judgment was rendered for the defendants to the effect that plaintiff take nothing by his suit, and plaintiff has appealed.

The written contracts provided that defendants would pay plaintiff certain commissions when he sold insurance and mutual fund contracts for them.

The substance of the plaintiff's petition was that he entered into the employment contracts in question with defendants on or about April 3, 1967, and that thereafter under the terms of the contract he sold insurance policies and shares in mutual stock funds for them entitling him to commissions of over $5,000. He prayed that he recover such commissions from the defendants.

The defendants answered by general denial and by alleging in substance that plaintiff was not entitled to recover any commissions from them because plaintiff had failed to abide by the terms of the employment contract and had therefore forfeited any right he might have had to the commissions for which he sued, all as set out in the employment contract, a copy of which was attached as an exhibit to the answer and made a part thereof.

The particular clause of the employment contract upon which the defendants relied as a defense to plaintiff's suit reads as follows:

"The agent agrees that upon his failure to abide by the terms of this contract, the general agent is entitled to damages, and in recognition of the difficulty in exact ascertainment of the amount of such damages, the agent agrees to pay to the general agent as liquidated damages, all commissions, overwrites, renewals, bonuses and other types of monetary remuneration due or to become due on or after the agent's failure to abide by the terms of this ordinary agent's contract."

The plaintiff's only trial pleading was his petition. He had no pleading of any kind wherein he pleaded affirmatively as a defense or in avoidance of the above quoted contractual provision that same was unenforceable by the defendants because such clause was a penalty provision.

A jury trial was had and in answer to the one special issue submitted to the jury it found that plaintiff had breached this contract. The charge and the jury verdict have never been questioned by anyone.

The record does not show that at any time prior to receipt of the verdict that plaintiff ever made any contention, orally or otherwise, that the clause in question was a penalty provision.

The jury verdict was returned on October 6, 1970. On October 27, 1970, the plaintiff filed among the papers of the case a motion for a judgment notwithstanding the verdict wherein he urged for the first time that the clause relied on by the defendants as a defense to plaintiff's suit was a penalty provision and therefore unenforceable. As far as the record shows this contention was apparently an afterthought that did not occur to plaintiff until after the trial was over.

The trial judge overruled this motion and rendered the judgment for defendants that is here appealed from.

On this appeal the plaintiff (appellant) urges only one point of error, which is that the trial court erred in not granting his motion for judgment notwithstanding the verdict. His brief reveals that his basis for such contention is his claim that the trial court erred in not holding to be a penalty and therefore unenforceable the clause of the contract (that is above set out) that is relied on by defendants as a defense to plaintiff's suit. This ground was the whole basis of plaintiff's motion for judgment notwithstanding the verdict.

The defendants on this appeal counter with the proposition that plaintiff waived this alleged defense or matter in avoidance by failing to plead it as an affirmative defense or in avoidance of the contractual provision that defendants had pleaded as a defense to plaintiff's suit.

■ We hereby overrule the plaintiff's (appellant's) point of error for the reason that he did waive the right to claim that the clause in question was a penalty provision by failing to plead it affirmatively as a defense to or in avoidance of the contractual provision relied on as a defense by the defendants.

Rule 94, Texas Rules of Civil Procedure, requires that matters such as the one involved here that are relied on as constituting an avoidance or an affirmative defense be pleaded affirmatively.

By the contract in question the parties agreed in substance that the employer could keep as liquidated damages all of the employee's earned commissions that had not been paid to him, if he breached the contract. Since the jury found that plaintiff did breach the contract, the defendants were entitled to have this contractual provision enforced unless the plaintiff pleaded affirmatively in avoidance his present contention that such provision was a penalty.

This exact point has been passed on two times by Texas appellate courts since 1968. These two cases are Smith v. Waite, 424 S.W.2d 691 (Waco, Tex.Civ.App., 1968, ref., n. r. e.) and Young v. J. F. Zimmerman & Sons, Inc., 434 S.W.2d 926 (Waco, Tex.Civ.App., 1968, dismissed).

Both of those cases hold that where a party to a contract seeks to avoid the enforcement of the damage provision of the contract on the grounds that such clause is a penalty provision (as distinguished from a liquidated damages clause) and therefore unenforceable that he must plead this defense or matter in avoidance affirmatively. If he fails to plead such matter affirmatively, as is required by Rule 94, T.R.C.P., then this particular defense or matter in avoidance is waived.

■ The plaintiff has argued that Rule 94, T.R.C.P., did not apply to him because he is the plaintiff in this case and is not a defendant. He argued that Rule 94 applies only to defendants. We overrule that contention.

On this point see McDonald, Texas Civil Practice, Vol. 2, 1970 Revised, § 8.02, p. 319, where the following is stated:

"* * * when a plaintiff desires to rely upon affirmative matter in avoidance of a defense pleaded in the answer, he must allege it in a supplemental petition, unless it is already put in issue by the petition. Rule 94, requiring the affirmative allegation of enumerated affirmative defenses 'and any other matter constituting an avoidance or affirmative defense' applies to the plaintiff in his supplemental pleadings as it does to the defendant in his answer. It imposes upon the plaintiff the obligation to plead any matter in avoidance on which he may intend to rely."

Sustala v. North Side Ready-Mix Concrete Co., 317 S.W.2d 64 (Houston, Tex. Civ.App., 1958, no writ hist.), and several cases that are therein cited support this text.

We overrule appellant's point of error and affirm the case.