Louise Dunaway BARCLAY, Appellant,

v.

WAXAHACHIE BANK & TRUST CO. et al., Appellees.

No. 5900.

Court of Civil Appeals of Texas, Waco.

June 30, 1978.

Rehearing Denied Aug. 3, 1978.

Warwick H. Jenkins, Jenkins & Jenkins, Waxahachie, for appellant.

Matt Dawson, Waco, Patrick F. McGowan, Rowland Foster, Strasburger & Price, Dallas, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Barclay from Summary Judgment fixing liability, and from final judgment of $162,597.74, for plaintiff Waxahachie Bank & Trust on a guaranty on a note.

Plaintiff Bank sued Billy Phil Ganaway Feedlots, Inc., Billy Phil Ganaway and Bill Ganaway on a promissory note for $154,584.89, and defendant Barclay on a written guaranty of such note.

Defendant Barclay plead want of consideration, failure of consideration, estoppel because of concealment of material facts, and denied liability both as to principal amount and attorneys' fees. Defendant further counterclaimed against plaintiff and cross acted against Lynn B. Griffith, Attorney for plaintiff, alleging Griffith was an officer in plaintiff Bank and also her attorney; that when she executed the guaranty she did not know the Ganaways owed plaintiff an additional $100,000. note secured by a Deed of Trust on 210 acres; that Griffith knew of this and did not advise her of same; that had she known of same she would not have executed the guaranty on the $154,584. note; that Griffith's conduct in not advising her was unconscionable action and/or fraud which entitles her to damages and exemplary damages.

Plaintiff and Third-Party Defendant Griffith moved for summary judgment which the trial court granted, and rendered interlocutory summary judgment for plaintiff and Griffith as to liability, reserving for trial on the merits the issues of plaintiff's damages and attorneys' fees.

Thereafter, at hearing on the merits the trial court rendered final judgment for plaintiff Bank for $162,597.74 against all defendants (after crediting a $46,652.12 payment made by the Ganaways; but including $17,500. awarded as attorneys' fees); and further decreed cross-plaintiff Barclay take nothing by her cross actions and counterclaims against cross-defendant Bank and Third-Party defendant Griffith.

The Ganaways have not appealed.

Defendant Barclay appeals on 12 points.

Points 1 through 3 contend the trial court erred in granting summary judgment against defendant because plaintiff failed to establish it was the owner and holder of the note, and because plaintiff did not attach the originals or certified copies of the note and guaranty instrument to its summary judgment affidavit.

Defendant asserts that without the note and guaranty instrument or certified copies thereof, plaintiff has failed to meet its burden of proof as to ownership, possession and status of the note, citing *Perkins v. Crittenden,* Tex., 462 S.W.2d 565.

Plaintiff's suit here was against defendant upon her guaranty of the Ganaway's $154,584. note. On summary judgment as to liability it was plaintiff's burden to prove:

1) The existence and ownership of the contract.

2) The performance of the terms of the contract by plaintiff.

3) The occurrence of the condition on which liability is based.

4) The failure or refusal to perform the promise by the guarantor, (13 Tex. Jur.2d § 390, p. 666).

The existence and ownership of the guaranty contract was proved by Mrs. Barclay's answer and counterclaim; and by Mrs. Barclay's affidavit in response to motion for summary judgment which attached a certified copy of such guaranty. See *DeBord v. Muller*, Tex., 446 S.W.2d 299.

The record is without dispute that the plaintiff performed its part of the contract by loaning the Ganaways the money to pay off a note owed to the Citizens Bank of Waxahachie.

The occurrence of the condition on which liability is based, the failure of the Ganaways to pay the note, is proved by the depositions of Billy Phil Ganaway and Mrs. Barclay.

Mrs. Barclay admitted by her pleadings and deposition that she had not performed the promise made by the guaranty.

Points 1 through 3 are overruled.

Points 4 through 8 contend the trial court erred in granting summary judgment against defendant: because defendant raised defense to the guaranty by her counterclaim and cross action and supported same by proof; by holding as a matter of law defendant was not an accommodation maker; by holding as a matter of law the guaranty was supported by consideration; and by holding as a matter of law the consideration had not failed.

Mrs. Barclay was a long time friend of the Ganaways. Bill Ganaway had been her father's, hers, and her husband's farm manager, and for many years shared an office with her. In the early 1960's Billy Phil Ganaway, son of Bill Ganaway, went into the cattle feed lot business and from the beginning borrowed and/or owed considerable sums of money. In 1968 he owed the Citizens National Bank in Waxahachie large sums of money, and they were financing his purchase of feed for the feed lot operation. On August 21, 1968 Mrs. Barclay executed a guaranty agreement to the Citizens Bank guaranteeing funds advanced to Billy Phil Ganaway up to $150,000. (plus interest). The letter of guaranty recites it shall be a continuing and irrevocable letter of guaranty; apply to advancements thereafter made to Ganaway; and continue until written notice of revocation be delivered to the Bank.

In early January 1974 Billy Phil Ganaway borrowed $100,000. from Waxahachie Bank & Trust to pay off miscellaneous debts and secured such note with a Deed of Trust on 210 acres of land.

At this time Ganaway owed the Citizens Bank a total of $154,584. (and of which Mrs. Barclay was guarantor). Ganaway decided to move the loan to the Waxahachie Bank & Trust and asked Mrs. Barclay if she minded. She said she did not. On February 1, 1974 the Ganaways signed a note to the Waxahachie Bank & Trust for $154,-584.69 to be paid in 1 year; and contemporaneously Mrs. Barclay executed a letter of guaranty to the Bank: "I Louise Dunaway Barclay, for and in consideration of your extending credit to Billy Phil Ganaway and/or Billy Phil Ganaway Feedlot, Inc., in a sum not to exceed $160,000.00, do hereby guarantee the payment of said note, plus interest due you, in the case and event of default on said note and the failure of said Billy Phil Ganaway and/or Billy Phil Ganaway Feedlot, Inc. to pay same as same becomes due.

"This guaranty shall be applicable on any and all renewals of said note as you may see proper to grant, and this guaranty shall not expire because of any renewal and extension made by you on said obligation.

"This guaranty shall be binding upon me, my legal representatives and estate.

Louise Dunaway Barclay"

Funds were disbursed on February 2, 1974 and the Citizens Bank was paid off. Thus, the transaction involved merely a transfer of an obligation from one bank to another, and the above guarantee was made in renewal of one Mrs. Barclay had already executed and which she was not attempting to avoid.

Mrs. Barclay asserts that attorney Lynn Griffith had been her lawyer; he was an officer in plaintiff Bank; that in the meetings at which the $154,584. loan by plaintiff Bank were discussed he did not tell her that Ganaway owed the Waxahachie Bank & Trust $100,000. secured by lien on his 210 acres, and that had she known of this she would not have executed the guaranty.

In January 1975, Ganaway could not pay either the $100,000. note or the $154,584. note or the interest on either to Waxahachie Bank & Trust. Discussions ensued between the Bank, Ganaway and Mrs. Barclay, and a meeting was held in Mrs. Barclay's office on January 10, 1975, at which time Mrs. Barclay learned about the $100,-000. note Ganaway owed the Waxahachie Bank & Trust. At the meeting Mrs. Barclay acquiesced in and actively promoted the working out of a deal under which on January 25, 1975 Ganaway deeded Waxahachie Bank & Trust 17 acres for interest on the $100,000. and $154,584. note to January 25, 1975; Ganaway made a $154,584. note to Mrs. Barclay secured by a second lien on the 210 acres of land; Waxahachie Bank & Trust renewed both the $100,000. note, and the $154,584. note secured by Mrs. Barclay's guaranty, with Ganaway.

In January 1976 Ganaway could not pay the $100,000. note to Waxahachie Bank & Trust. Waxahachie Bank & Trust foreclosed under its Deed of Trust and Mrs. Barclay bought the 210 acres for $105,000. The 210 acres is worth $1300. to $1500. per acre.

■ Plaintiff Bank loaned Ganaway $154,584. and received a note from the Ganaways therefor. Mrs. Barclay executed the letter of guaranty. It is not necessary that consideration for the guaranty pass to the guarantor, for it is sufficient consideration if the primary debtor receives some benefit. And an extension of time for the payment of a debt is a sufficient consideration for a contract. *Hargis v. Radio Corp. of America Electronic Components,* 539 S.W.2d 230 (Tex.Civ.App., Austin) NWH, *Bonner Oil Co. v. Gaines,* 108 Tex. 232, 191 S.W. 552.

■ When Mrs. Barclay participated in the January 10, 1975 meeting, learned that Ganaway owed plaintiff Bank the $100,000. note, received Ganaway's note for $154,584 and second lien on the 210 acres to secure same she lost any defense she may have had by reason of fraud or failure of consideration, by waiver and ratification of the transaction at the time the note sued on was ratified, and is now estopped to urge such defenses. *Gaylord Container Division v. H. Rouw Co.,* Tex., 392 S.W.2d 118; *Hunter v. Lanius,* S.Ct., 82 Tex. 677, 18 S.W. 201.

As to defendant's contention attorney Lynn B. Griffith was "her attorney" the record is without dispute (including defendant's own deposition) that he received no retainer whatsoever; that he had represented her on a few occasions in the past; but had competed each task; received his fee; and was in no way "her attorney" at or during the times here involved.

The foregoing is likewise applicable to defendant's counterclaim and cross action.

Points 4 through 8 and 10 are overruled.

■ Point 9 contends the trial court erred in holding that the guaranty supported the award of attorneys' fees.

The guaranty provided: "do hereby guarantee the payment of said note, plus interest due you". The note provided "And in the event of default in the payment of this note at maturity Borrower shall also pay * * attorneys' fees * *".

The guaranty was an unconditional guarantee of the parent note which included the obligation to pay attorneys' fees upon default. By so guaranteeing performance of such obligation the guarantor became liable therefor. *Dean v. Allied Oil Co.,* Tex.Civ. App. (Waco) Er.Dism'd, 261 S.W.2d 900;

*Young v. Zimmerman & Sons, Inc.,* Tex.Civ. App. (Waco) Er.Dism'd, 434 S.W.2d 926; *Gubitosi v. Schoellkopf Products, Inc.,* Tex. Civ.App. (Tyler) NWH, 545 S.W.2d 528; *Blume v. National Homes Corp.,* Tex., 441 S.W.2d 176, cited by defendant points up *that neither the agreement guaranteed, nor the guaranty contains an agreement for the payment of attorneys' fees,* and that in such situation attorneys' fees are not recoverable against the guarantor. *Blume* is thus adverse to defendant's contention and supports the present holding.

Contention 9 is overruled.

■ Points 11 and 12 assert the trial court erred in granting summary judgment defendant take nothing by her counterclaim and cross action by holding as a matter of law such counterclaim and cross action was barred by the two-year statute of limitations.

Defendant's counterclaim and cross action are grounded upon attorney Griffith's alleged failure to advise her of Ganaway's prior $100,000. note and debt to plaintiff Bank, which defendant plead amounted to "a false representation of a past or existing material fact made for the purpose of inducing her to execute" the guaranty. Defendant learned of this no later than January 10, 1975 and filed her counterclaim and cross action more than 2 years thereafter.

The two-year statute of limitations (Article 5526 VATS) is applicable to a suit for damages arising from a written contract induced by fraud. *Gaddis v. Smith,* Tex., 417 S.W.2d 577; *Wise v. Anderson,* 163 Tex. 608, 359 S.W.2d 876; *Quinn v. Press,* 135 Tex. 60, 140 S.W.2d 438.

Points 11 and 12 are overruled.

Affirmed.