NO. 07-04-0535-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MARCH 27, 2006



______________________________




VICTOR MORENO, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF SWISHER COUNTY;



NO. B3823-0312; HONORABLE ED SELF, JUDGE



_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION

 Pursuant to a plea agreement, appellant Victor Moreno was convicted of aggravated
assault and sentenced to eight years confinement, suspended in favor of eight years of
community supervision, and a $2,400 fine. On July 15, 2004, the State filed a motion to
revoke appellant's community supervision, and appellant pled true to the violations alleged.
Following a hearing on the State's motion, the trial court revoked appellant's community
supervision and assessed the original term of confinement. In presenting this appeal,
counsel has filed an Anders (1) brief in support of a motion to withdraw. We grant counsel's
motion and affirm.

 In support of his motion to withdraw, counsel certifies he has diligently reviewed the
record, and in his opinion, the record reflects no reversible error upon which an appeal can
be predicated. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967);
Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.-San Antonio 1984, no pet.). Thus, he
concludes the appeal is frivolous. In compliance with High v. State, 573 S.W.2d 807, 813
(Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities,
there is no error in the trial court's judgment. Counsel has also shown that he sent a copy
of the brief to appellant and informed appellant that, in counsel's view, the appeal is without
merit. In addition, counsel has demonstrated that he notified appellant of his right to review
the record and file a pro se response if he desired to do so. Appellant did not file a
response. Neither did the State favor us with a brief.

 By his Anders brief, counsel raises several grounds that could arguably support an
appeal. We have reviewed these grounds and made an independent review of the entire
record to determine whether there are any arguable grounds which might support an
appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988);
Bledsoe v. State, 178 S.W.3d 824 (Tex.Cr.App. 2005). We have found no such grounds
and agree with counsel that the appeal is frivolous.

 Accordingly, counsel's motion to withdraw is hereby granted and the trial court's 
judgment is affirmed.

 Don H. Reavis

 Justice


Do not publish.
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).



 7"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00012-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



JUNE
24, 2011

 



 

HOME FURNISHINGS, INC., GEORGE C. BURNETT, JR., AND MARIE E. BURNETT,
APPELLANTS

 

v.

 

JPMORGAN CHASE BANK, NA, APPELLEE 



 



 

 FROM THE 96TH DISTRICT COURT OF
TARRANT COUNTY;

 

NO. 96-229807-08; HONORABLE JEFF WALKER, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

CONCURRING OPINION

            Although
I cannot agree entirely with the reasoning of the majority, I agree the summary
judgment in favor of JPMorgan Chase Bank, NA against appellants should be
affirmed. 

            Under Texas law, to recover under
the loan guarantees signed by appellants, Chase was required to show the
existence and ownership of the guarantee contracts; the terms of the underlying
promissory note; the default of the notes maker; and the failure or refusal to
perform the promise by the guarantor. Albright v. Regions Bank, No. 13-08-262-CV, 2009 Tex.App. LEXIS 8308, at *6 (Tex.App.Corpus
Christi Oct. 29, 2009, no pet.), citing
Marshall v. Ford Motor Co., 878 S.W.2d 629, 631 (Tex.App.--Dallas
1994, no writ).[1]  Chases pleadings sought a judgment against
appellants, as guarantors, for all unpaid principal, interest and other amounts
due under the note.  With their response
to Chases motion for summary judgment, appellants produced the affidavit of
George C. Burnett, Jr. and attachments supporting their assertion a fact issue
existed with regard to the unpaid amount of the note.  By appellants theory, the existence of
evidence that Chase had failed to account for all the collateral securing the
note, consisting of store inventory, meant that Chase could not conclusively
establish the amount due under the guarantee. 
The evidence raised a fact issue, they contended, that Chase foreclosed
on certain collateral but either did not sell it at the foreclosure sale or
sold it but failed to account for it in its summary judgment evidence.   

            The majority rejects appellants
contention, in part because the majority reads Burnetts affidavit to say there
was a seventy-day lapse of time between the date of
the inventory on which appellants assertion rests and the date the store was
locked by the landlord.  I believe
Burnetts affidavit should be read to say that the inventory list dated March
15, 2007, appended to the affidavit, shows the inventory on hand as of the end of
the last day the store was open for business. 
Although the date on which Chase took possession of the collateral is
not clear to me on this record, I cannot agree with the majority that the dates
stated in Burnetts affidavit are fatal to appellants contention.

            Nonetheless, I agree with the
majority that the trial court did not err by granting summary judgment to
Chase.  As the majority points out, the
guarantee agreements appellants signed relieved Chase of any duty to preserve
or dispose of any collateral.  The
agreements are Small Business Administration form
documents.  By other clear terms of the
guarantees, appellants waived defenses that the collateral was neglected or
lost, and defenses that Chase impaired the collateral, did not dispose of any
of the collateral or failed to obtain a fair market value for the collateral.[2]  Having agreed to those terms, appellants
nevertheless point to evidence of discrepancies in Chases handling of the
collateral, which they couch in terms of its failure to account for some
items, as raising a fact issue precluding summary judgment.  To me, their contention thus is not that
there is a fact issue over the unpaid balance of the note, but that the balance
might be different if the collateral had been handled differently.  An immaterial issue of fact does not preclude
summary judgment.  Harris County v. Ochoa, 881 S.W.2d 884,
889 (Tex.App.Houston [14th Dist.] 1994,
writ denied); Borg-Warner Acceptance
Corp. v. C.I.T. Corp., 679 S.W.2d 140, 144 (Tex.App.Amarillo
1984, writ refd n.r.e.).  Because the trial court was presented with a
guarantee agreement that, on its face, rendered immaterial the issue appellants
raised, it did not err by granting summary judgment. 

            For those reasons, I concur in the
courts judgment.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

 

 

 

 











[1] See also  Wiman v. Tomaszewicz, 877 S.W.2d 1 (Tex.App.Dallas
1994, no writ), citing Barclay v. Waxahachie Bank & Trust Co., 568 S.W.2d 721, 723 (Tex.Civ.App.--Waco 1978, no writ) (listing elements of
recovery on guaranty as (1) the existence and ownership of the guaranty
contract; (2) the terms of the underlying contract by the holder; (3) the
occurrence of the conditions upon which liability is based; and (4) the failure
or refusal to perform the promise by the guarantor.).





[2] Appellants do not contend this case is affected by
Business and Commerce Code section 9.602. 
See Tex. Bus. & Com. Code Ann. § 9.602 (West 2011) (listing non-waivable duties of secured parties).  Appellants brief on appeal states there is
no dispute over the commercial reasonableness of Chases disposition of the
collateral.