NO. 07-10-00012-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 24, 2011

_____

HOME FURNISHINGS, INC., GEORGE C. BURNETT, JR.,
AND MARIE E. BURNETT, APPELLANTS

v.

JPMORGAN CHASE BANK, NA, APPELLEE

_____

FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY;

NO. 96-229807-08; HONORABLE JEFF WALKER, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**CONCURRING OPINION**

Although I cannot agree entirely with the reasoning of the majority, I agree the summary judgment in favor of JPMorgan Chase Bank, NA against appellants should be affirmed.

Under Texas law, to recover under the loan guarantees signed by appellants, Chase was required to show the existence and ownership of the guarantee contracts; the terms of the underlying promissory note; the default of the note's maker; and the failure or refusal to perform the promise by the guarantor. *Albright v. Regions Bank,* No.

13-08-262-CV, 2009 Tex.App. LEXIS 8308, at *6 (Tex.App.—Corpus Christi Oct. 29, 2009, no pet.), *citing Marshall v. Ford Motor Co.,* 878 S.W.2d 629, 631 (Tex.App.--Dallas 1994, no writ).[1]  Chase's pleadings sought a judgment against appellants, as guarantors, for all unpaid principal, interest and other amounts due under the note. With their response to Chase's motion for summary judgment, appellants produced the affidavit of George C. Burnett, Jr. and attachments supporting their assertion a fact issue existed with regard to the unpaid amount of the note.  By appellants' theory, the existence of evidence that Chase had failed to "account for" all the collateral securing the note, consisting of store inventory, meant that Chase could not conclusively establish the amount due under the guarantee.  The evidence raised a fact issue, they contended, that Chase foreclosed on certain collateral but either did not sell it at the foreclosure sale or sold it but failed to account for it in its summary judgment evidence.

The majority rejects appellants' contention, in part because the majority reads Burnett's affidavit to say there was a seventy-day lapse of time between the date of the inventory on which appellants' assertion rests and the date the store was locked by the landlord.  I believe Burnett's affidavit should be read to say that the inventory list dated March 15, 2007, appended to the affidavit, shows the inventory on hand as of the end of the last day the store was open for business.  Although the date on which Chase took

---

[1] See also  *Wiman v. Tomaszewicz,* 877 S.W.2d 1 (Tex.App.—Dallas 1994, no writ), citing *Barclay v. Waxahachie Bank & Trust Co.,* 568 S.W.2d 721, 723 (Tex.Civ.App.--Waco 1978, no writ) (listing elements of recovery on guaranty as (1) the existence and ownership of the guaranty contract; (2) the terms of the underlying contract by the holder; (3) the occurrence of the conditions upon which liability is based; and (4) the failure or refusal to perform the promise by the guarantor.).

possession of the collateral is not clear to me on this record, I cannot agree with the majority that the dates stated in Burnett's affidavit are fatal to appellants' contention.

Nonetheless, I agree with the majority that the trial court did not err by granting summary judgment to Chase. As the majority points out, the guarantee agreements appellants signed relieved Chase of any duty to preserve or dispose of any collateral. The agreements are Small Business Administration form documents. By other clear terms of the guarantees, appellants waived defenses that the collateral was neglected or lost, and defenses that Chase impaired the collateral, did not dispose of any of the collateral or failed to obtain a fair market value for the collateral.[2] Having agreed to those terms, appellants nevertheless point to evidence of discrepancies in Chase's handling of the collateral, which they couch in terms of its failure to "account for" some items, as raising a fact issue precluding summary judgment. To me, their contention thus is not that there is a fact issue over the unpaid balance of the note, but that the balance might be different if the collateral had been handled differently. An immaterial issue of fact does not preclude summary judgment. *Harris County v. Ochoa*, 881 S.W.2d 884, 889 (Tex.App.—Houston [14th Dist.] 1994, writ denied); *Borg-Warner Acceptance Corp. v. C.I.T. Corp.*, 679 S.W.2d 140, 144 (Tex.App.—Amarillo 1984, writ ref'd n.r.e.). Because the trial court was presented with a guarantee agreement that, on its face, rendered immaterial the issue appellants raised, it did not err by granting summary judgment.

---

[2] Appellants do not contend this case is affected by Business and Commerce Code section 9.602. *See* Tex. Bus. & Com. Code Ann. § 9.602 (West 2011) (listing non-waivable duties of secured parties). Appellants' brief on appeal states there is no dispute over the commercial reasonableness of Chase's disposition of the collateral.

3

For those reasons, I concur in the court's judgment.


James T. Campbell
Justice