# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00722-CV

**Michael Han Jin Yoon, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY,
### NO. C-1-CV-09-010759, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is a suit to collect on a loan deficiency. Appellant Michael Han Jin Yoon appeals pro se the trial court's summary judgment in favor of the State of Texas, acting by and through the Texas Higher Education Coordinating Board (THECB) and the Texas Opportunity Plan Fund (TOP), in its suit to collect from Yoon deficiencies owed on two student loans Yoon signed as guarantor. For the reasons that follow, we affirm the trial court's summary judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1997, Yoon signed two promissory notes for college access loans as guarantor for a student borrower. Under the terms of the guaranties, Yoon agreed to pay THECB the principal amounts of the loans, interest, and costs, including any attorney's fees incurred in enforcing payment, in the event the student borrower failed to repay the loans when due. The guaranties also incorporated the loans' acceleration clauses, which were triggered when the accounts became

180 days past due.  In 2010, the State file suit against Yoon alleging that the promissory notes were past due according to their terms and seeking to recover the full amounts due plus interest, late charges, and attorney's fees.  Yoon filed an answer pro se in which he admitted guarantor status on the notes but disputed the amounts of the loans and requested that "the court . . . serve Subpoena Duces Tecum on third party Baylor University" for the relevant student loan records that would support his denial of liability.  The State filed a motion for summary judgment, seeking to recover as actual damages $20,280.89, consisting of $10,242 in principal after allowance of $150 in payments, credits, and offsets; $9,917.58 in interest; and $121.31 in late charges.  The State also sought attorney's fees pursuant to the terms of the notes and guaranties.  As summary judgment evidence, the State attached an affidavit from the manager of student loan collections, Cheryl Bellesen; copies of the loan applications, promissory notes, and guaranties; and an affidavit in support of attorney's fees.  Yoon filed a response to the motion, again requesting a subpoena duces tecum for relevant records from Baylor University, but did not include any affidavits or evidence.  The trial court granted the State's motion and entered summary judgment against Yoon in the amount of $20,280.89 and $5,000 in attorney's fees.  This appeal followed.

## DISCUSSION

In three issues, Yoon challenges the summary judgment on the ground that the trial court "did not pursue the retrieval and review of records that do certainly exist at Baylor University" and granted summary judgment without considering the records, which he contends would prove that he has no responsibility for the loans, even after Yoon requested a subpoena duces tecum for them in his answer, in his response, and at the hearing on the motion for summary judgment.  Yoon's brief

2

contains no citations to the record or authorities to support this argument, and he has therefore waived it. *See* Tex. R. Civ. P. 38.1(i). Even if he had not waived this argument, however, it was Yoon's responsibility to produce opposing affidavits or other evidence in response to the State's motion for summary judgment. *See* Tex. R. Civ. P. 166a(c) (adverse party may file and serve opposing affidavits or other written response). Although discovery products and certified public records can constitute summary judgment evidence, *see id.*, there is no indication in the record that Yoon sought production of documents from Baylor University either by request for production directed to the State or by subpoena directed to Baylor University.

Further, to the extent Yoon contends that the trial court erred in rendering summary judgment without allowing him additional time to obtain the student loan records, this argument also fails. The record shows that he did not file an affidavit explaining the need for additional discovery or a verified motion for continuance to allow for additional discovery. Thus, Yoon has waived the right to complain of the trial court's rendering summary judgment without considering the documents he contends exist at Baylor University or allowing Yoon to conduct additional discovery. *See id.* 166a(g), 251, 252; *Tenneco, Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996) (party that contends it has not had adequate opportunity for discovery before summary judgment hearing must file either affidavit explaining need for further discovery or verified motion for continuance); *In re Guardianship of Patlan*, 350 S.W.3d 189, 195 (Tex. App.—San Antonio 2011, no pet.) (same); *Flores v. Flores*, 225 S.W.3d 651, 654–55 (Tex. App.—El Paso 2006, pet. denied) (appellant waived argument regarding adequate time for discovery by failing to file affidavit or

motion for continuance); *Yokogawa Corp. of Am. v. Skye Int'l Holdings, Inc.*, 159 S.W.3d 266, 271–72 (Tex. App.—Dallas 2005, no pet.) (same).

To the extent that Yoon's issues can be construed as contending that the State did not conclusively establish the requisite elements of its cause of action, we will address the merits of the State's motion for summary judgment. We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Summary judgment is proper when there are no disputed issues of material fact and the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Knott*, 128 S.W.3d at 215–16. When reviewing a summary judgment, we take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubt in the non-movant's favor. *Dorsett*, 164 S.W.3d at 661; *Knott*, 128 S.W.3d at 215. To obtain summary judgment on a guaranty agreement, a party must conclusively prove: (1) the existence and ownership of the guaranty contract; (2) the performance of the terms of the contract by plaintiff; (3) the occurrence of the condition on which liability is based; and (4) the guarantor's failure to perform. *Stone v. Midland Multifamily Equity REIT*, 334 S.W.3d 371, 379 (Tex. App.—Dallas 2011, no pet.); *Corona v. Pilgrim's Pride Corp.*, 245 S.W.3d 75, 80 (Tex. App.—Texarkana 2008, pet. denied) (citing *Barclay v. Waxahachie Bank & Trust Co.*, 568 S.W.2d 721, 723 (Tex. Civ. App.—Waco 1978, no writ)).

Here, the existence and ownership of the guaranty agreements were proven by the affidavit of Cheryl Bellesen, the manager of student loan collections. Bellesen established that she is competent to testify, is personally acquainted with the facts stated in her affidavit, and is the

officer having custody of the records of THECB and TOP. She attested that THECB is the "legal holder and owner of the notes" and attached a copies of the loans and guaranty agreements, which she properly authenticated as the custodian of records, *see* Tex. R. Evid. 902(10), and which state loan amounts of $3,380 and $7,162 and contain the signature of Yoon as guarantor.[1] *See Barclay*, 568 S.W.2d at 723 (affidavit established existence and ownership of guaranty contract); *Corona*, 245 S.W.3d at 80 (affidavit established elements of claim against guaranty). Bellesen's affidavit also established that THECB performed under the terms of the contracts by making disbursements pursuant to the promissory notes; the student borrower had defaulted; Yoon had failed, after demand by THECB, to perform on his promise as guarantor; and, after allowing for all payments, offsets, and credits and including interest and late charges, the total amount due and owing was $20, 280.89. *See Barclay*, 568 S.W.2d at 723 (performance by plaintiff, default of primary obligor, and failure of guarantor to perform established by affidavit); *Corona*, 245 S.W.3d at 80 (same). The State's motion was also supported by its attorney's affidavit attesting that reasonable and necessary attorney's fees for the State's collection efforts were $5,000.

Although Yoon filed a response to the State's motion for summary judgment contesting his responsibility, he did not submit any controverting summary judgment evidence. Because the State's affidavit presented competent, uncontroverted proof of each of the required elements necessary to prove its claim, including its attorney's fees, no genuine issues of

---

[1] Further, Yoon does not dispute his status as guarantor of two loans; rather, in his answer he contended that the loans he guaranteed were for $1,500 and $2,000, rather than the amounts of $3,380 and $7,162. Nevertheless, we observe that the documents entered as summary judgment evidence, which contain his signature, state loan amounts of $3,380 and $7,162.

material fact remained, and the State was entitled to summary judgment as a matter of law. *See Knott*, 128 S.W.3d at 215–16; *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222 (Tex. 1999); *Prompt Prof'l Real Estate, Inc. v. RSC Equip. Rental, Inc.*, No. 05-08-00398-CV, 2009 Tex. App. LEXIS 3099, at *11 (Tex. App.—Dallas May 5, 2009, at *11, no pet.) (mem. op.) (uncontroverted summary judgment established elements of claim against guarantor of rental agreement and plaintiff entitled to summary judgment); *Grant-Brooks v. Transamerica Bank, N.A.*, No. 05-02-00754-CV, 2003 Tex. App. LEXIS 990, at *4 (Tex. App.—Dallas Jan. 31, 2003, at *4 no pet.) (mem. op.) (because uncontroverted affidavit established elements of suit on sworn account, movant entitled to summary judgment as matter of law). Accordingly, we overrule Yoon's issues.

## CONCLUSION

Having overruled Yoon's issues, we affirm the trial court's summary judgment.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed: November 20, 2012

6