TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00722-CV






Michael Han Jin Yoon, Appellant


v.


The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY,

NO. C-1-CV-09-010759, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N



 This is a suit to collect on a loan deficiency. Appellant Michael Han Jin Yoon
appeals pro se the trial court's summary judgment in favor of the State of Texas, acting by and
through the Texas Higher Education Coordinating Board (THECB) and the Texas Opportunity Plan
Fund (TOP), in its suit to collect from Yoon deficiencies owed on two student loans Yoon signed
as guarantor. For the reasons that follow, we affirm the trial court's summary judgment.


FACTUAL AND PROCEDURAL BACKGROUND


 In 1997, Yoon signed two promissory notes for college access loans as guarantor for
a student borrower. Under the terms of the guaranties, Yoon agreed to pay THECB the principal
amounts of the loans, interest, and costs, including any attorney's fees incurred in enforcing payment,
in the event the student borrower failed to repay the loans when due. The guaranties also
incorporated the loans' acceleration clauses, which were triggered when the accounts became
180 days past due. In 2010, the State file suit against Yoon alleging that the promissory notes were
past due according to their terms and seeking to recover the full amounts due plus interest, late
charges, and attorney's fees. Yoon filed an answer pro se in which he admitted guarantor status on
the notes but disputed the amounts of the loans and requested that "the court . . . serve Subpoena
Duces Tecum on third party Baylor University" for the relevant student loan records that would
support his denial of liability. The State filed a motion for summary judgment, seeking to recover
as actual damages $20,280.89, consisting of $10,242 in principal after allowance of $150 in
payments, credits, and offsets; $9,917.58 in interest; and $121.31 in late charges. The State also
sought attorney's fees pursuant to the terms of the notes and guaranties. As summary judgment
evidence, the State attached an affidavit from the manager of student loan collections,
Cheryl Bellesen; copies of the loan applications, promissory notes, and guaranties; and an affidavit
in support of attorney's fees. Yoon filed a response to the motion, again requesting a subpoena duces
tecum for relevant records from Baylor University, but did not include any affidavits or evidence. 
The trial court granted the State's motion and entered summary judgment against Yoon in the
amount of $20,280.89 and $5,000 in attorney's fees. This appeal followed.


DISCUSSION


 In three issues, Yoon challenges the summary judgment on the ground that the trial
court "did not pursue the retrieval and review of records that do certainly exist at Baylor University"
and granted summary judgment without considering the records, which he contends would prove that
he has no responsibility for the loans, even after Yoon requested a subpoena duces tecum for them
in his answer, in his response, and at the hearing on the motion for summary judgment. Yoon's brief
contains no citations to the record or authorities to support this argument, and he has therefore
waived it. See Tex. R. Civ. P. 38.1(i). Even if he had not waived this argument, however, it was
Yoon's responsibility to produce opposing affidavits or other evidence in response to the State's
motion for summary judgment. See Tex. R. Civ. P. 166a(c) (adverse party may file and serve
opposing affidavits or other written response). Although discovery products and certified public
records can constitute summary judgment evidence, see id., there is no indication in the record that
Yoon sought production of documents from Baylor University either by request for production
directed to the State or by subpoena directed to Baylor University.

 Further, to the extent Yoon contends that the trial court erred in rendering summary
judgment without allowing him additional time to obtain the student loan records, this argument also
fails. The record shows that he did not file an affidavit explaining the need for additional discovery
or a verified motion for continuance to allow for additional discovery. Thus, Yoon has waived the
right to complain of the trial court's rendering summary judgment without considering the
documents he contends exist at Baylor University or allowing Yoon to conduct additional discovery. 
See id. 166a(g), 251, 252; Tenneco, Inc. v. Enterprise Prods. Co., 925 S.W.2d 640, 647 (Tex. 1996)
(party that contends it has not had adequate opportunity for discovery before summary judgment
hearing must file either affidavit explaining need for further discovery or verified motion for
continuance); In re Guardianship of Patlan, 350 S.W.3d 189, 195 (Tex. App.--San Antonio 2011,
no pet.) (same); Flores v. Flores, 225 S.W.3d 651, 654-55 (Tex. App.--El Paso 2006, pet. denied)
(appellant waived argument regarding adequate time for discovery by failing to file affidavit or
motion for continuance); Yokogawa Corp. of Am. v. Skye Int'l Holdings, Inc., 159 S.W.3d 266,
271-72 (Tex. App.--Dallas 2005, no pet.) (same).

 To the extent that Yoon's issues can be construed as contending that the State did not
conclusively establish the requisite elements of its cause of action, we will address the merits of the
State's motion for summary judgment. We review a trial court's summary judgment de novo. 
Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005); Provident Life & Accident Ins.
Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003). Summary judgment is proper when there are no
disputed issues of material fact and the movant is entitled to judgment as a matter of law. Tex. R.
Civ. P. 166a(c); Knott, 128 S.W.3d at 215-16. When reviewing a summary judgment, we take as
true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve
any doubt in the non-movant's favor. Dorsett, 164 S.W.3d at 661; Knott, 128 S.W.3d at 215. To
obtain summary judgment on a guaranty agreement, a party must conclusively prove: (1) the
existence and ownership of the guaranty contract; (2) the performance of the terms of the contract
by plaintiff; (3) the occurrence of the condition on which liability is based; and (4) the
guarantor's failure to perform. Stone v. Midland Multifamily Equity REIT, 334 S.W.3d 371,
379 (Tex. App.--Dallas 2011, no pet.); Corona v. Pilgrim's Pride Corp., 245 S.W.3d 75,
80 (Tex. App.--Texarkana 2008, pet. denied) (citing Barclay v. Waxahachie Bank & Trust Co.,
568 S.W.2d 721, 723 (Tex. Civ. App.--Waco 1978, no writ)).

 Here, the existence and ownership of the guaranty agreements were proven by the
affidavit of Cheryl Bellesen, the manager of student loan collections. Bellesen established that she
is competent to testify, is personally acquainted with the facts stated in her affidavit, and is the
officer having custody of the records of THECB and TOP. She attested that THECB is the "legal
holder and owner of the notes" and attached a copies of the loans and guaranty agreements, which
she properly authenticated as the custodian of records, see Tex. R. Evid. 902(10), and which state
loan amounts of $3,380 and $7,162 and contain the signature of Yoon as guarantor. (1) See Barclay,
568 S.W.2d at 723 (affidavit established existence and ownership of guaranty contract); Corona,
245 S.W.3d at 80 (affidavit established elements of claim against guaranty). Bellesen's affidavit also
established that THECB performed under the terms of the contracts by making disbursements
pursuant to the promissory notes; the student borrower had defaulted; Yoon had failed, after demand
by THECB, to perform on his promise as guarantor; and, after allowing for all payments, offsets, and
credits and including interest and late charges, the total amount due and owing was $20, 280.89. See
Barclay, 568 S.W.2d at 723 (performance by plaintiff, default of primary obligor, and failure of
guarantor to perform established by affidavit); Corona, 245 S.W.3d at 80 (same). The State's
motion was also supported by its attorney's affidavit attesting that reasonable and necessary
attorney's fees for the State's collection efforts were $5,000.

 Although Yoon filed a response to the State's motion for summary judgment
contesting his responsibility, he did not submit any controverting summary judgment evidence.
Because the State's affidavit presented competent, uncontroverted proof of each of the
required elements necessary to prove its claim, including its attorney's fees, no genuine issues of
material fact remained, and the State was entitled to summary judgment as a matter of
law.  See Knott, 128 S.W.3d at 215-16; Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 222
(Tex. 1999); Prompt Prof'l Real Estate, Inc. v. RSC Equip. Rental, Inc., No. 05-08-00398-CV,
2009 Tex. App. LEXIS 3099, at *11 (Tex. App.--Dallas May 5, 2009, at *11, no pet.) (mem. op.)
(uncontroverted summary judgment established elements of claim against guarantor of rental
agreement and plaintiff entitled to summary judgment); Grant-Brooks v. Transamerica Bank, N.A.,
No. 05-02-00754-CV, 2003 Tex. App. LEXIS 990, at *4 (Tex. App.--Dallas Jan. 31, 2003, at *4
no pet.) (mem. op.) (because uncontroverted affidavit established elements of suit on sworn account,
movant entitled to summary judgment as matter of law). Accordingly, we overrule Yoon's issues.


CONCLUSION


 Having overruled Yoon's issues, we affirm the trial court's summary judgment.


 __________________________________________

 Melissa Goodwin, Justice


Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed: November 20, 2012
1. Further, Yoon does not dispute his status as guarantor of two loans; rather, in his answer
he contended that the loans he guaranteed were for $1,500 and $2,000, rather than the amounts of
$3,380 and $7,162. Nevertheless, we observe that the documents entered as summary judgment
evidence, which contain his signature, state loan amounts of $3,380 and $7,162.