**Maria Esther FLORES, Individually and as Next Friend of Kevin Flores and Ivana Flores, Minors, Appellants,**

v.

**Juan Antonio FLORES, Sr., Berta G. Flores, and Angelica Flores, Appellees.**

**No. 08–05–00104–CV.**

Court of Appeals of Texas, El Paso.

Sept. 14, 2006.

Rehearing Overruled Nov. 1, 2006.

Enrique Medrano, El Paso, for Appellants.

John P. Mobbs, Attorney at Law, El Paso, for Appellees.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

### OPINION

DAVID WELLINGTON CHEW, Justice.

Appellants Maria Esther Flores, Individually and as Next Friend of Kevin Flores and Ivana Flores, Minors, appeal the trial courts judgment granting summary judgment in favor of Appellees Juan Antonio Flores, Sr., Berta G. Flores, and Angelica Flores in their suit to quiet title to real property and alternatively in trespass to try title based on adverse possession. In their action, Appellants alleged that they were the owners of the real property located at 10413 Montevideo, Socorro, Texas by virtue of a parol gift by Mr. Flores, Sr. and Berta Flores in 1991. They also claimed ownership of the property by adverse possession for a ten-year period. Appellees filed a hybrid motion for summary judgment, challenging Appellants' legal claims. The trial court granted the summary judgment motion without specifying the grounds relied upon for its ruling. We affirm.

In their sole issue, Appellants challenge the trial courts order granting summary judgment in favor of Appellees. The standards for reviewing traditional and no-evidence summary judgment rulings are well-established. In a traditional summary judgment proceeding, the standard of review on appeal is whether the successful movant at the trial level carried the burden of showing that there is no genuine issue of material fact and that judgment

should be granted as a matter of law. *See* TEX.R.CIV.P. 166a(c); *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991); *Wyatt v. Longoria,* 33 S.W.3d 26, 31 (Tex. App.-El Paso 2000, no pet.). Thus, the question on appeal is not whether the summary judgment proof raises fact issues as to required elements of the movants cause or claim, but whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact as to one or more elements of the movants cause or claim. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex. 1970); *Wyatt,* 33 S.W.3d at 31. In resolving the issue of whether the movant has carried this burden, all evidence favorable to the nonmovant must be taken as true and all reasonable inferences, including any doubts, must be resolved in the nonmovants favor. *Nixon v. Mr. Property Mgmt. Co., Inc.,* 690 S.W.2d 546, 548–49 (Tex.1985).

A no-evidence summary judgment under TEX.R.CIV.P. 166a(i) is essentially a pretrial directed verdict, and a reviewing court applies the same legal sufficiency standard. *Wyatt,* 33 S.W.3d at 31. The party moving for summary judgment on this basis must specifically state the elements as to which there is no evidence. *See* TEX.R.CIV.P. 166a(i). The burden then shifts to the nonmovant to produce evidence raising a fact issue on the challenged elements. *Id.* When reviewing a no-evidence summary judgment, the reviewing court views the evidence in the light most favorable to the nonmovant, disregarding all contrary evidence and inferences. *Merrell Dow Pharmaceuticals, Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex. 1997). A no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 751 (Tex.2003).

More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions. *Havner,* 953 S.W.2d at 711. Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact. *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex.1983). Where the trial courts judgment does not specify the ground or grounds relied upon for its ruling, as in this case, the summary judgment must be affirmed if any of the theories advanced is meritorious. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989).

■ We first address Appellants contention that Appellees no-evidence motion for summary judgment should have been denied because it was prematurely filed. In their brief, Appellants assert that the no-evidence motion was premature because adequate time for discovery had not passed under Rule 190.3 of the Texas Rules of Civil Procedure. Specifically, Appellants argue that in this case, the discovery period remained open until August 6, 2005 but the trial court entered its judgment on February 9, 2005. Ordinarily, a no-evidence motion for summary judgment would not be permitted during the discovery period. *See* TEX.R. CIV.P. 166a(i), Comment–1997. When a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *Tenneco Inc. v. Enterprise Products Co.,* 925 S.W.2d 640, 647 (Tex.1996). Appellees filed their summary judgment motion on November 8, 2004. The motion was set for a hearing to be held on January 27, 2005. Appellants did not file an affidavit or a motion for continuance. Therefore, Appellants have waived their

argument regarding an adequate time for discovery. *See Blanche v. First Nationwide Mortgage Corp.*, 74 S.W.3d 444, 450–51 (Tex.App.-Dallas 2002, no pet.)(failure to file motion for continuance or affidavit explaining need for further discovery before summary judgment hearing waives issue of motion prematurity on appeal). Further, Appellants have failed to show the trial court abused its discretion by hearing the no-evidence motion before the end of the discovery period. *See Brown v. Brown*, 145 S.W.3d 745, 749 (Tex.App.-Dallas 2004, pet. denied).

Appellants also contend that the trial court should have denied the no-evidence motion because they brought forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to their ownership claims. Appellants claimed that the property at 10413 Montevideo was orally gifted to Mr. Flores, Jr. and Ms. Maria Flores by the parents of Mr. Flores, Jr., Mr. Flores, Sr. and Mrs. Berta Flores. Alternatively, Appellants asserted that their possession of the residence was adverse and hostile to any claim of ownership by Appellees and that this continuous adverse possession took place for more than ten consecutive years.

■ Generally, the statute of frauds prohibits enforcement of an oral conveyance of real property. *See* TEX.BUS. & COM.CODE ANN. 26.01(a), (b)(4)(Vernon Supp.2006). To relieve a parol gift of real estate from the statute of frauds, one must show three elements: (1) a gift in praesenti, that is, a present gift; (2) possession under the gift by the donee with the donors consent; and (3) permanent and valuable improvements, the existence of such facts as would make it a fraud upon the donee not to enforce the gift. *See Thompson v. Dart*, 746 S.W.2d 821, 825 (Tex. App.-San Antonio 1988, no writ); *see also Dawson v. Tumlinson*, 150 Tex. 451, 242

S.W.2d 191, 192–93 (Tex.1951). To be a gift in praesenti, the donor must, at the time he makes it, intend an immediate divestiture of the rights of ownership out of himself and a consequent immediate vesting of such rights in the donee. *Thompson*, 746 S.W.2d at 825. Three elements are necessary to establish the existence of a gift: (1) intent to make a gift; (2) delivery of the property; and (3) acceptance of the property. *Id.* Further, the owner must release all dominion and control over the property. *Id.*

■ To support an adverse possession claim, a claimant must be prove: (1) actual possession of the disputed property; (2) under a claim of right; and (3) that it is adverse or hostile to the claim of the owner and was consistently and continuously so for the duration of the statutory period. *Cherokee Water Co. v. Freeman*, 145 S.W.3d 809, 817 (Tex.App.-Texarkana 2004, pet. denied). Section 16.026(a) of the Texas Civil Practices and Remedies Code provides that [a] person must bring suit not later than 10 years after the day the cause of action accrues to recover real property held in peaceable and adverse possession by another who cultivates, uses, or enjoys the property. TEX.CIV.PRAC. & REM.CODE ANN. 16.026(a)(Vernon 2002). Possession must not only be actual, but also visible, continuous, notorious, distinct, hostile (i.e., adverse), and of such a character as to indicate unmistakably an assertion of a claim of exclusive ownership in the occupant. *Rhodes v. Cahill*, 802 S.W.2d 643, 645 (Tex.1990); *see also* TEX. CIV.PRAC. & REM. CODE ANN. 16.021(1)(adverse possession means actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person.).

■ Viewing the evidence in the light most favorable to Appellants, the

summary judgment evidence showed that Ms. Maria Flores and Mr. Juan Antonio Flores, Jr. were married on December 29, 1990. The property located at 10413 Montevideo had previously been owned by Mr. Flores, Jr.s grandfather and aunt. The grandfather died in November 1987 and the following year the aunt deeded the property to Mr. Flores, Jr.s parents. On December 14, 1990, Mr. Flores, Sr. and Mrs. Berta Flores deeded the property to their daughter, Angelica Flores. In her affidavit, Ms. Maria Flores claimed that her in-laws did this so that the property would not affect their eligibility for governmental benefits. Ms. Maria Flores also claimed that Angelica Flores was holding the title to the property for her parents.[1] After their wedding, Mr. Flores, Jr. and Ms. Maria Flores moved to San Diego, California where Mr. Flores, Jr. was stationed. According to Ms. Maria Flores, in 1991, Mr. Flores, Sr. and Mrs. Berta Flores offered to give [her] husband and [her] the property located at 10413 Montevideo for them to finish the residential structure and live in when Mr. Flores, Jr. finished his enlistment. They accepted the offer and in reliance, Mr. Flores, Jr. began sending money to his father for numerous improvements to the residence. In 1993, Mr. Flores, Jr. and Ms. Maria Flores moved back to El Paso to live in the residence at 10413 Montevideo. From 1997 to 2000, the couple continued to make improvements to the property. Ms. Maria Flores stated that she, her husband, until his death in 2001, and her children maintained continuous physical possession of the property until September 2002. The affidavit of heirship of Mr. Flores, Jr. stated that Mr. Flores, Jr. and Ms. Maria Flores had exclusively resided at the property, constructed valuable improvements, and paid property taxes, with the understanding and expectation that the real property would be conveyed to them by deed. Ms. Maria Flores also stated that she had trusted that Appellees would fulfill their obligation and provide her husband and her with a deed to the property and that on at least two occasions, she asked her husband when his parents would give them the deed and was told that for various reasons it would happen at a later date.

█ Even if Appellants version to the facts are taken as true, they failed to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as their ownership of the disputed property based on either legal theory they asserted. With regard to the parol gift theory, the evidence showed that in December 1990, Mr. Flores, Sr. and Mrs. Berta Flores conveyed the property to their daughter Angelica Flores. Thus,

1. Following the summary judgment hearing, Appellants filed a motion requesting leave to file a second and third amended petition. Appellants sought to add a cause of action for imposition of a constructive or resulting trust as an alternative equitable remedy. In the pleading, Appellants alleged that Mr. Flores, Sr. and Mrs. Berta Flores conveyed the property to Angelica Flores as constructive trustee without the intent to make a gift of the property to Angelica. A constructive trust is an equitable remedy created by the courts to prevent unjust enrichment; a breach of a duty or actual or constructive fraud must be present in order to impose a constructive trust.

*Medford v. Medford,* 68 S.W.3d 242, 248 (Tex. App.-Fort Worth 2002, no pet.); *In re Marriage of Braddock,* 64 S.W.3d 581, 587 (Tex. App.-Texarkana 2001, no pet.). In contrast, a resulting trust in favor of a payor may arise when title to property is taken in the name of someone other than the person who advances the purchase price. *Hubbard v. Shankle,* 138 S.W.3d 474, 486 (Tex.App.-Fort Worth 2004, pet. denied). Regardless, the trial court denied Appellants request for leave to file a second and third amended petition, therefore this separate cause of action was not part of the present suit.

in 1991 the property belonged to their daughter and they had no title to give to Mr. Flores, Jr. and Ms. Maria Flores. Any evidence that in 1991, Mr. Flores, Sr. and Mrs. Berta Flores were the actual owners of the disputed property amounts to less than a scintilla and is so weak as to do no more than create a mere surmise or suspicion of a fact. *See Kindred,* 650 S.W.2d at 63. Further, even if Mr. Flores, Sr. and Mrs. Berta Flores were the owners of the property in 1991, there was no evidence that they made a present gift of the property. Rather, the evidence showed at most an intent to make a gift at some future date. As to Appellants adverse possession claim, Ms. Maria Flores stated that she and her husband were married in El Paso in December 1990, subsequently moved to San Diego, California, and then returned to El Paso in 1993 to reside at 10413 Montevideo. The couples actual possession of the property began in 1993, thus Appellants claim of adverse possession falls just short of the requisite ten-year statutory period. Because Appellants failed to raise a genuine issue of material fact as to at least one element in each of the legal theories under which they claimed ownership to the property, the trial court did not err in granting no-evidence summary judgment in favor of Appellees. Appellants sole issue for review is overruled.

The trial courts judgment is affirmed.

BARAJAS, C.J., Not Participating.