**FILED**

IN THE 13TH COURT OF APPEALS

7/31/15

*Cecile Foy Gsanger*

**CLERK**

ACCEPTED
13-15-00038-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
7/31/2015 2:27:20 PM
CECILE FOY GSANGER
CLERK

## No. 13-15-00038-CV

**In the Court of Appeals
For the Thirteenth District of Texas
Corpus Christi/Edinburg**

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
7/31/2015 2:27:20 PM
CECILE FOY GSANGER
Clerk

**ANTONIO ARRIAGA AND INEZ LARA ROSALES,**
*Appellants*

v.

**OBDULIA MARTINEZ ARRIAGA, ANTONIO MARTINEZ ARRIAGA, JR.,
AND REYNA LUISA MARTINEZ ARRIAGA,**
*Appellees.*

---

**On Appeal from the 197th District Court
of Willacy County, Texas
Cause Number: 2014-CV-0100-A**

---

**APPELLEES' REPLY TO APPELLANTS' BRIEF**

---

**Gene McCullough**
Texas Bar No. 00794267
**MCCULLOUGH AND MCCULLOUGH**
P.O. Box 2244
323 East Jackson Street
Harlingen, Texas 78551-2244
Tel. (956) 423-1234
Fax. (956) 423-4976
**Attorney for Appellees**

# IDENTITY OF PARTIES AND COUNSEL

In accordance with the Texas Rule of Appellate Procedure 38.1, and to assist the members of this Court in determining whether disqualification and recusal under Texas Rule of Appellate Procedure 16 is necessary, Appellees certify that the following is a complete list of the parties, attorneys, and other persons who have an interest in the outcome of this appeal:

**Plaintiffs/Appellants**
Antonio Arriaga
Inez Lara Rosales

**Counsel for Plaintiffs/Appellants**
Juan Angel Guerra
Texas Bar No. 08581320
Law Office of Juan Angel Guerra
1021 Fair Park Blvd.
Harlingen, Texas 78550
Juanangelguerra1983@gmail.com
Tel. (956) 428-1600
Fax. (956) 428-1601

**Defendants/Appellees**
Obdulia Martinez Arriaga
Antonio Martinez Arriaga, Jr.
Reyna Luisa Martinez Arriaga

**Counsel for Defendants/Appellees**
Gene McCullough
Texas Bar No. 00794267
McCULLOUGH & McCULLOUGH
P.O. Box 2244
323 East Jackson Street
Harlingen, Texas 78551-2244
gene@gmcculloughlaw.com
Tel. (956) 423-1234
Fax. (956) 423-4976

ii

**Trial Court Judge**

The Honorable Migdalia Lopez
197th Judicial District Court
576 West Main
Raymondville, Texas 78580

## STATEMENT ON ORAL ARGUMENT

Appellees submit that this case does not warrant oral argument. However, if the Court designates the matter for oral argument, Appellees will participate.

# TABLE OF CONTENTS

                                                                    **Page**

Identify of Parties and Counsel............................................. ii

Statement on Oral Argument............................................... iv

Table of Contents........................................................... v

Index of Authorities........................................................ vi

State of the Case........................................................... 1

Statement of Facts......................................................... 2

First Issue.................................................................. 6, 8

Second Issue............................................................... 6, 10

Third Issue................................................................. 6, 11

Fourth Issue................................................................ 6, 12

Fifth Issue.................................................................. 6, 13

Sixth Issue................................................................. 6, 13

Summary of the Argument................................................. 7

Argument................................................................... 8

Prayer...................................................................... 14

Certificate of Service...................................................... 15

# INDEX OF AUTHORITIES

**Cases**                                                                                   **Page(s)**

*Law Offices of Windle Turley, P.C. v. Ghiasinejad*, 109 S.W.3d
68, 70 (Tex. App. – Fort Worth 2003)...............................................     10

*I-10 Colony, Inc. v. Chao Kuan Lee*, 393 S.W.3d 467, 475
(Houston – [14th Dist] 2012).........................................................      9

*Thompson v. Dart*, 746 S.W.2d 821,823 (Tex. App. – San
Antonio 1988)...........................................................................      9

*Flores v. Flores*, 225 S.W.3d 651, 653 (Tex. App. – El Paso, 2006).......      9

*Martin v. Amerman*, 133 S.W.3d 262 (2004)...................................      8

**Statutes**

Tex. Prop. Code §22.001................................................................     8, 9

TRCP 91a.................................................................................     11

TRCP 91a9................................................................................     11

TRCP 60...................................................................................     11

TRCP 21...................................................................................     13

No. 13-15-00038-CV

**In the Court of Appeals
For the Thirteenth District of Texas
Corpus Christi/Edinburg**

---

ANTONIO ARRIAGA AND INEZ LARA ROSALES,
*Appellants*

v.

OBDULIA MARTINEZ ARRIAGA, ANTONIO MARTINEZ ARRIAGA, JR.,
AND REYNA LUISA MARTINEZ ARRIAGA,
*Appellees.*

---

**On Appeal from the 197th District Court
of Willacy County, Texas
Cause Number: 2014-CV-0100-A**

---

**APPELLEES' REPLY TO APPELLANTS' BRIEF**

---

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Appellees, Obdulia Martinez Arriaga, Antonio Martinez Arriaga, Jr. and Reyna Luisa Martinez Arriaga, file this, their Reply to Appellants' Brief, and would show the following:

**STATEMENT OF THE CASE**

Appellant filed this lawsuit pro se on March 7, 2014. Defendants filed their Original Answer, Special Exceptions and Request for Appointment of Receiver on

1

April 3, 2014. The Court granted Appellees' Special Exceptions, Injunction, and Appointment of Receiver at the hearing. All of Appellees' documents were mailed, certified mail to the Plaintiff at the address identified on his pleadings. The Court had numerous hearings on the matter. In fact, on one occasion the Court postponed any ruling so that the Appellant, Antonio Arriaga, could obtain the services of an attorney to assist him in this matter. Appellant Arriaga was ordered by the trial court to cooperate with the appointed receiver, Annette Hinojosa on numerous occasions, yet failed to do so. Further, all notices of hearing were mailed to Appellant Arriaga at the address identified by him as his address in his pleadings. Appellant Arriaga wholly failed to cooperate with the Receiver, or comply with any of the Orders of the 197th District Court, despite numerous opportunities to do so.

Inez Lara Rosales filed a pro se plea in intervention. The Appellees filed a Motion to Dismiss pursuant to Rule 91 of the Texas Rules of Civil Procedure. Appellant Rosales did not appear at the hearing to urge her position on the motion. In fact, Appellant Rosales did not appear at any of the hearings on this matter.

## STATEMENT OF FACTS

The Appellant, Antonio Arriaga filed suit against his children, the Appellees, on March 7, 2014. CR 7-15 The gravamen of the suit appears to be that Mr. Arriaga was attempting to set aside conveyances of real property that he had made

2

to his children incident to a divorce settlement that he had made with his ex-wife (their mother), Obdulia Arriaga. The deeds (dated 1991 and 1993, respectively) conveying the properties were attached to his Original Petition as Exhibits "A" and "B." In filing his Original Petition (and every pleading thereafter) Appellant used the address of 294 West San Francisco, Raymondville, Texas 78580. CR 21. Appellant sought a declaration from the Court that he and his 'wife [Appellant Rosales] are true owners of the real estate property [sic] described in Exhibit "A."' CR 9. The properties were rental properties in Raymondville, Texas for which rents were being paid by various tenants. The Appellees answered with Defendants' Original Answer, Special Exceptions, Counterclaim and Application for Permanent Injunction. CR 25-27. The Appellees specially excepted to the use of a declaratory judgment suit for the purpose of quieting title to real property rather than a trespass to try title suit. They further requested the appointment of a receiver to collect the rents on the various properties and injunctive relief enjoining Appellant from collecting further rents during the pendency of the suit. The answer was filed with the Willacy County District Clerk and served upon Appellant by certified mail. All pleadings in this matter have been served upon both Appellant Arriaga and Appellant Rosales (after her filing of the Plea in Intervention) by certified mail return receipt requested. See attached Affidavit of Arthur Eugene McCullough along with copies of the returned (unclaimed)

envelopes enclosing such pleadings. Appendix A. The order setting hearing was issued by the district clerk and served upon Appellee at the address of 294 West Hidalgo, Raymondville, Texas. CR 29 (Special Exceptions), 30 (Injunction). Despite his claims that he never received copies of pleadings or notices of hearings, Appellant appeared at the hearing on April 23, 2014. RR Volume 1, pg 3-22. The Court recommended to him that he retain counsel. RR Volume 1, Pg 15, ll 14-15; Pg 19, l125; Pg 20, ll1-4. As a result of that hearing, the Court entered the Order Sustaining Defendants' Special Exceptions to Plaintiff's Petition and Order Granting Injunction and Appointing Receiver. CR 33; CR 34-36. Both documents were mailed to Appellant by the clerk to his address at 294 West Hidalgo, Raymondville, Texas 78580, as noted on the face of each instrument. Appellant apparently received the executed Orders, because he filed Plaintiff's Objection to Defendants' Proposed Order on Sustaining Defendants' Special Exceptions and Order Granting Injunction and Appointment of Receiver. CR 37-38. That matter was set for hearing on June 25, 2014 by the Court by Order entered May 19, 2014. CR 44. On June 16, 2014 the Appellees filed their Motion for Contempt or in the Alternative Motion for Disgorgement of Rents. CR 45-57. The Appellees alleged that the Appellant had continued to collect the rents in violation of the Injunction issued by the court prohibiting him from doing so, and had failed to cooperate with the Receiver appointed by the Court. On June 24,

4

2014, the Appellant filed a Motion for Continuance of the hearing to which he attached an affidavit. He admitted in the affidavit that "I showed up because I received the orders." CR 82. The Court granted the continuance of the hearing on Motion for Contempt and reset the matter for August 20, 2014. CR 67. However, at that hearing, the Court Ordered Mr. Arriaga to turn over all rents collected on the properties to the appointed Receiver, Annette Hinojosa. On August 20, 2014, the parties appeared as ordered. The Court received testimony from receiver, Annette Hinojosa and Appellant Antonio Arriaga regarding his compliance with the court's orders of injunction and appointment of receiver. The Court ordered Mr. Arriaga to comply with the order and deliver rents and receipts from the date of April 23, 2014 for the subject properties to receiver Annette Hinojosa, or he would be found in contempt and placed in jail. CR 152. A compliance hearing was set for September 11, 2014. The parties appeared for that hearing. The matter was reset for September 24, 2014. On September 18, 2014, for the first time, Appellant Inez Lara Rosales filed a Plea in Intervention in the matter. There was no separate petition filed with the Plea in Intervention alleging a cause of action against any party. Appellees filed a Motion to Dismiss the Plea in Intervention pursuant to Rule 91a. All matters were eventually heard on November 26, 2014. The Court considered Appellees' Motion to Dismiss Receivership or in the Alternative, Motion for Contempt. After reviewing the fact that Appellant Arriaga

5

had failed to amend his pleadings to re-state his grounds for relief, had failed to cooperate with the receiver, and had failed to comply with the injunction against further interference with the tenants, the Court dismissed his cause of action in its entirety. RR Volume, 6, 1 11-Pg 20, 15. Appellant Rosales did not appear at that hearing to urge her Plea in Intervention. *Id.* Pg 20, 116-15. It was dismissed.

## FIRST ISSUE

The trial court did not err by dismissing Plaintiff Arriaga's case for failure to amend his Pleadings. Plaintiff had ample opportunity to amend his pleadings, and refused to do so.

## SECOND ISSUE

The trial court did not err in dismissing Appellant Rosales' Plea in Intervention. Appellant did not appear to urge the Plea in Intervention or the Motion for Leave to File Late Response.

## THIRD ISSUE

The trial court did not err in granting Appellee's Motion to Dismiss pursuant to Rule 91a of the Texas Rules of Civil Procedure in that Appellant wholly failed to appear to urge her plea in intervention.

## FOURTH ISSUE

The trial court did not err by entering the order signed on December 15, 2014.

## FIFTH ISSUE

The trial court did not abuse its discretion by not obligating Appellees to notify the Appellants of whatever motion was to be heard. Notices were sent by the District Clerk's offices as well as Appellees to the addresses provided by Appellants.

## SIXTH ISSUE

The trial court did not err by not allowing evidence to be presented related to ownership of property in that there were no live pleadings to support such evidence ever presented, despite numerous opportunities for the Appellant to amend his pleadings.

## SUMMARY OF THE ARGUMENT

Appellants come before this Court asking that several orders of the 197th District Court be set aside. The premise of their argument is that they were not notified of the substance of the hearings, and did not have adequate opportunity to respond, that the court should not have dismissed a plea in intervention, and that the court should have allowed a trial on the merits. What is fundamental to the case are the following facts: The Appellant Arriaga requested declaratory relief of the Court in what was at its basis a suit to quiet title to property he had deeded over to the Appellees over 20 years before. The Court sustained special exceptions to this method of pleading and urged Appellant to re-plead and to hire an attorney. He never did either. Seven months later, the Court dismissed his case. Further, the Court issued an injunction to preserve the status quo during the pendency of the case, and to allow the appointed receiver to maintain the status quo during the lawsuit. Appellant Arriaga continually failed to comply with the injunction or cooperate with the receiver pursuant to the Court's Orders and admonishments. Appellant Rosales failed to appear to urge her Plea in Intervention. She never

7

appeared before the Court, and the Court appropriately dismissed her Plea in Intervention.

## ARGUMENT

### FIRST ISSUE

The trial court did not err by dismissing Plaintiff Arriaga's case for failure to amend his Pleadings. Plaintiff had ample opportunity to amend his pleadings, and refused to do so.

Appellant's lawsuit has at it basis the premise that he wants the Court to find that he "and his wife are the true owners of the real estate property [sic] described" within the pleading and in deeds as well as a lis pendens attached to the Plaintiff's Original Petition. CR 7-17. There can be no conclusion drawn from the pleading than that he is asking that the court establish title to the property identified within the pleading. The appropriate vehicle for a suit to determine title to real property is the Trespass to Try Title statute. Tex. Prop. Code, Section 22.001. The Appellees correctly excepted to the Original Petition, citing in the Special Exceptions *Martin v. Amerman.* 133 S.W.3d 262 (Tex. 2004). The Court granted the Special Exceptions and Ordered the Appellant to re-plead and indicate the reasons that a declaratory judgment would be appropriate in lieu of a Trespass to Try Title suit. The Appellant chose not to do so. Instead, he attempts to explain away a mountain of authority which reiterates the current state of the law in Texas—the proper vehicle to determine title to real property is a suit to quiet title, or a Trespass to Try

8

Title suit. In fact, *Amerman*, which Appellant claims is solely related to boundary problems holds precisely that: "The statute expressly provides that it is *the* method for determining title to. . . real property." *Id.* at 268. All of the cases cited in Appellant's Brief that are in the least relevant to the issue of determining title to real property matter echo the ruling of *Amerman*. *Flores*, while cited by Appellant in support of some sort of parol evidence argument, was, in fact, filed as a suit to quiet title, or in the alternative a trespass to try title. *Flores v. Flores*, 225 SW.3d 651, 653 (Tex. App—El Paso, 2006). Even *Thompson v. Dart*, which Appellant attempts to rely upon for the theory that there was some oral agreement to transfer property in this case was a suit to quiet title. *Thompson v. Dart*, 746 S.W.2d 821, 823 (Tex. App--San Antonio 1988). Incidentally, that court held that there are two ways to transfer property—one is by deed, and the other is by parol gift under certain circumstances. *Id.*, at 825. Attached to Appellant's Original Petition is the deed proving that he transferred the property in question to his children. CR 11-12. Appellant cites *I-10 Colony* for the proposition that a declaratory judgment can be used to determine title to real property. In fact, the case stands for the exact same proposition as all the previous cases: "Given the mandatory language in Property Code section 22.001 ("[a] trespass to try title action is *the* method of determining title") . . .a party may not artfully plead a title dispute as a declaratory judgment action just to obtain attorney's fees when that claim should have been

brought as a trespass-to-try-title action." *I-Colony v. Chao Kuan Lee*, 393 S.W.3d 467, 475 (Houston—[14th Dist] 2012). (emphasis by court) What Appellant is really trying to do with this suit is ask the court to set aside deeds he executed 20 years before, but he was unwilling to re-plead as ordered by the Court. Appellees respectfully request that Issue One be denied.

## SECOND ISSUE

The trial court did not err in dismissing Appellant Rosales' Plea in Intervention. Appellant did not appear to urge the Plea in Intervention or the Motion for Leave to File Late Response.

It is fundamental to our system of jurisprudence that if a party is seeking relief from the court, they must present themselves before the court to urge their case. Appellant Rosales filed a Plea in Intervention, but never came before the court to urge the plea. Her Plea in Intervention came on to be heard on the same day that the case in chief was heard before the court. Her plea alleged that she had some sort of interest in the case in chief filed by her husband and which was never properly pled. CR 88-90. However, by filing the Motion to Dismiss pursuant to Rule 91a, the Appellees placed in question whether there was a justiciable interest in the suit. CR 99-100. Procedurally, "once the motion to strike has been filed, the burden shifts to the intervenor to show a justiciable interest in the lawsuit. *Law Offices of Windle Turnley, P.C. v. Ghiasinejad*, 109 S.W.3d 68, 70 (TexApp.— Fort Worth 2003). However, there was no separate petition filed

10

contemporaneously with it. While Appellant's brief states that she had an interest in the properties since they were purchased during her marriage to Appellant Arriaga, there is no pleading or evidence supporting such claim in the record. In spite of being ordered to produce the vesting deeds to these properties at the hearing on April 23, 2014, Appellant Arriaga never produced them. There is no evidence in the record as to when they were purchased. It is clear that the court did not abuse its discretion by dismissing the Plea in Intervention. *Id.* (Articulating abuse of discretion as the standard of review in striking a plea in intervention). Appellees respectfully request that this issue be denied.

## THIRD ISSUE

The trial court did not err in granting Appellee's Motion to Dismiss pursuant to Rule 91a of the Texas Rules of Civil Procedure in that Appellant wholly failed to appear to urge her plea in intervention.

Appellant Rosales takes the position that it was improper for Appellees to file a Motion to Dismiss pursuant to Rule 91a in response to her Plea in Intervention. TRCP 91a. Her position is that the exclusive method for addressing such a plea is a motion to strike pursuant to Rule 60. TRCP 60. Neither Rule provides that it is the exclusive remedy in any case. Further, Rule 91a provides that "This rule is in addition to, and does not supersede or affect, other procedures that authorize dismissal." TRCP 91a.9 There was no timely response to the Motion filed, nor did Appellant appear to urge her position on the matter at the

11

hearing for which proper notice was given. CR 102. Finally, the entire case was dismissed on the date that the Motion to dismiss was set. Therefore, such intervention was rendered moot. Appellant's issue number three should be denied.

## FOURTH ISSUE

The trial court did not err by entering the order signed on December 15, 2014.

Appellant Arriaga filed his petition for declaratory judgment related to properties that he had transferred to his children over twenty years prior to filing the suit. His contention was that somehow title had not vested in him. The court properly granted Special Exceptions related to his pleading for declaratory judgment. He never amended his pleadings to address the issue of why the matter should not be pled as a suit to quiet title or a trespass to try title suit pursuant to Chapter 22 of the Texas Property Code. Further, he was ordered to refrain from interfering with the tenants in possession of the properties he was seeking. CR 35. He repeatedly failed to do so. He further failed to deliver rents over to the receiver in spite of admonishments from the court to do so. RR Vol 4 of 7, Pg 8, ll 25-Pg 9, ll9. It was not improper for the court to dismiss his case in its entirety for failure to amend and plead a proper cause of action, and for failure to cooperate with a receiver and for repeated violations of an injunction—the existence of which he was fully aware. Mr. Arriaga had been at each of the hearings on the matter. Further, he had been repeatedly admonished to retain counsel to assist him in the

12

matter. He refused to do so, and now wishes this court to undo the consequences of his choices. Appellant's issue number four should be denied.

## FIFTH ISSUE

The trial court did not abuse its discretion by not obligating Appellees to notify the Appellants of whatever motion was to be heard. Notices were sent by the District Clerk's offices to the addresses provided by Appellants.

District Clerk served notices of hearings upon the litigants. The Rules require that counsel serve pleadings upon counsel or pro se litigants. TRCP 21. Those Rules were followed. Appellant acknowledged receiving notices of hearing in his affidavit filed as an attachment to his Request for Continuance of the Motion for Contempt, as well as by his appearance at each scheduled hearing. CR 111. Further, Appellees served upon both Appellants each pleading that was filed by certified mail. They were all refused. The Affidavit of Arthur Eugene McCullough is attached hereto with copies of the refused certified mail envelopes which are still in counsel's possession. Appendix A. This is a non-issue. No one can make a litigant accept or claim his certified mail. Furthermore, the documents were sent by regular mail as well. Issue number five is no issue at all and should be denied.

## SIXTH ISSUE

The trial court did not err by not allowing evidence to be presented related to ownership of property in that there were no live pleadings to support such evidence ever presented, despite numerous opportunities for the Appellant to amend his pleadings.

13

The court ordered Mr. Arriaga to bring forth evidence of title to the properties at the first hearing on the matters—along with the divorce decree from his first wife. The order was made verbally from the bench, but he was also mailed a copy of the Order directing him to do so. RR, Vol 1, Pg 15, 120-Pg16, 16. The order entered on May 8, 2014 specifically states in relevant part as follows: "Plaintiff is to provide to Defendant's counsel certified copies of the following within fifteen (15) days of the date of this Order: Divorce Decree and every Gift Deed to his children, along with the Deeds vesting title to these properties." CR 35. He had opportunities at no less than four separate hearings and over seven months to do so. He never did. In the absence of such evidence, and the failure of Mr. Arriaga to amend his pleadings there was nothing before the court upon which to present evidence. Issue number six should be denied.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellees, Obdulia Martinez Arriaga, Antonio Martinez Arriaga, Jr. and Reyna Luisa Martinez Arriaga, respectfully requests that this Court affirm the Order of Dismissal entered by the 197th District Court on December 15, 2014, along with any other relief this Court deems just and equitable.

Respectfully submitted,

**McCULLOUGH & McCULLOUGH**

By:_____

Gene McCullough
Texas Bar No. 00794267
P.O. Box 2244
323 East Jackson Street
Harlingen, Texas 78551-2244
Tel. (956) 423-1234
Fax. (956) 423-4976
gene@gmcculloughlaw.com
ATTORNEY FOR APPELLEES

## CERTIFICATE OF SERVICE

I certify that on July 31, 2015, a true and correct copy of Appellees' Reply to Appellants' Brief was served to each person listed below by the method indicated:

<u>VIA FACSIMILE: (956) 428-1601</u>
<u>AND REGULAR MAIL</u>
Mr. Juan Angel Guerra
Attorney at Law
1021 Fair Park Blvd.
Harlingen, Texas 78550-2300

_____
Gene McCullough

15

# APPENDIX A

No. 13-15-00038-CV

In the Court of Appeals
For the Thirteenth District of Texas
Corpus Christi/Edinburg

ANTONIO ARRIAGA AND INEZ LARA ROSALES,
*Appellants*

v.

OBDULIA MARTINEZ ARRIAGA, ANTONIO MARTINEZ ARRIAGA, JR.,
AND REYNA LUISA MARTINEZ ARRIAGA,
*Appellees.*

On Appeal from the 197th District Court
of Willacy County, Texas
Cause Number: 2014-CV-0100-A

## AFFIDAVIT OF GENE MCCULLOUGH

STATE OF TEXAS     §
                           §
COUNTY OF CAMERON    §

**BEFORE ME**, the undersigned authority, on this day personally appeared GENE

MCCULLOUGH, who swore on oath that the following facts are true:

"My name is GENE MCCULLOUGH. I am over the age of 18 years, of sound

mind and fully competent to make this affidavit. I have personal knowledge of the facts

herein stated and they are all true and correct.

"I have attached copies of all the certified mail that was addressed to Appellants, Antonio Arriaga and Inez Lara Rosales, and were returned back to my office as undelivered. The following is a list of what was mailed in those undelivered envelopes:

1) April 2, 2014 – Defendants' Original Answer, Special Exceptions, Counterclaims and Application for Permanent Injunction;

2) September 9, 2014 – Defendants' Motion for Trial Setting. This pleading was sent both certified mail and regular mail. The regular mail was not returned;

3) October 15, 2014 – Defendants' Motion to Dismiss Action with Prejudice for Failure to Comply with Court Order and for Termination of Receivership. This pleading was sent both certified mail and regular mail to Raymondville and Brownsville addresses. The regular mail was not returned;

4) October 29, 2014 – Defendants' Motion to Dismiss Plea in Intervention (came back for both Appellants). This pleading was sent both certified mail and regular mail to Raymondville and Brownsville addresses. The regular mail was not returned; and

5) February 10, 2015 – Docketing Statement.

I verify that the attached copies are true and correct copies of the original envelopes mailed to Appellants, Antonio Arriaga and Inez Lara Rosales."

SIGNED on the 31st day of July, 2015.

_____
GENE MCCULLOUGH

**SUBSCRIBED AND SWORN TO BEFORE ME** on the 31st day of July, 2015.

_____
Notary Public, State of Texas

ANGIE BANDA
Notary Public, State of Texas
My Commission Expires
October 18, 2017

# McCULLOUGH AND McCULLOUGH

ATTORNEYS AT LAW
323 E. JACKSON
P.O. Box 2244
HARLINGEN, TEXAS 78551-2244
www.gmcculloughlaw.com

GRAHAM McCULLOUGH
GENE McCULLOUGH

TELEPHONE: 956/423-1234
FACSIMILE: 956/423-4976

April 2, 2014

Mr. Gilberto Lozano
Willacy County District Clerk
546 W. Hidalgo, 1ˢᵗ Floor
Raymondville, Texas 78580

> RE: Cause No. 2014-CV-0100-A; Antonio Arriaga v. Obdulia Martinez Arriaga, Antonio Martinez Arriaga, Jr. and Reyna Luisa Martinez Arriaga; In the 197ᵗʰ District Court of Willacy County, Texas

Dear Mr. Lozano:

In regard to the above-referenced cause, enclosed for filing please find the following:

1) Defendants' Original Answer, Special Exceptions, Counterclaim and Applicatino for Permanent Injunction;

2) Order Setting Hearing on Defendants' Request for Injunction Hearing; and

3) Order Setting Hearing on Defendants' Special Exceptions.

Also enclosed is our firm's check in the amount of $35.00 to cover the counterclaim fee.

I would like to thank you in advance for the professional courtesies extended to our office.

garding this matter, please do not hesitate to contact the

cerely,

Cullough & McCullough

e McCullough

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

OFFICIAL USE

Postage $
Certified Fee
Return Receipt Fee
(Endorsement Required)
Restricted Delivery Fee
(Endorsement Required)
Total Postage & Fees $

Postmark
Here
APR 2 2014

Sent To Antonio Arriaga
Street, Apt. No.; 394 W. San Francisco
or PO Box No.
City, State, ZIP+4 Raymondville, Tx. 78580

PS Form 3800, August 2006          See Reverse for Instructions

**McCULLOUGH & McCULLOUGH**   09-10
ATTORNEYS AT LAW
PO BOX 2244   (956) 423-1234
HARLINGEN, TX 78551-2244

FIRST COMMUNITY BANK
1151 W. HIGHWAY 77
SAN BENITO, TX 78586

4251

88-828/1149
02

4/2/2014

PAY TO THE
ORDER OF   Gilbert Lozano

$ **35.00

Thirty-Five and 00/100*************************************************************************************************************   DOLLARS

Gilbert Lozano
546 W. Hidlago, 1st Floor
Raymondville, Texas 78580

MEMO

Counterclaim Fee - Cause No. 2014-CV-0100-A ; Arr

AUTHORIZED SIGNATURE

⑈004251⑈ ⑆1149082891⑆ ⑈005 644 8⑈

**McCULLOUGH AND McCULLOUGH**
ATTORNEYS AT LAW
323 E. JACKSON
P.O. BOX 2244
HARLINGEN, TEXAS 78551-2244

1st NOTICE $25
2nd NOTICE

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**

7012 3460 0002 5940 5161



**UNC**

PM
2 APR
2014

UNITED STATES POSTAGE
PITNEY BOWES
$ 000.69
0000020339   APR 02 2014
MAILED FROM ZIP CODE 78550

APR 2 8 2014

Antonio Arriaga, Pro Se
294 West San Francisco
Raymondville, Texas 78580

APR 03 2014

NIXIE     782   DE 1009      0004/22/14
RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD
BC: 78551224444     *1418-05905-02-42

**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X      ☐ Agent
       ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
    If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Antonio Arriaga
294 W. San Francisco
Raymondville, TX
28580

3. Service Type
   ☑ Certified Mail®   ☐ Priority Mail Express™
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

2. Article
  *(Transf)*    7012 3460 0002 5940 5161

PS Form 3811, July 2013      Domestic Return Receipt

**GRAHAM McCULLOUGH**
**GENE McCULLOUGH**

IN REPLYING PLEASE REFER
TO THIS FILE NUMBER

# McCULLOUGH AND McCULLOUGH
ATTORNEYS AT LAW
323 E. JACKSON
P.O. Box 2244
HARLINGEN, TEXAS 78551-2244
www.gmcculloughlaw.com

TELEPHONE: 956/423-1234
FACSIMILE: 956/423-4976

September 9, 2014

Mr. Gilberto Lozano
Willacy County District Clerk
546 W. Hidalgo, 1ˢᵗ Floor
Raymondville, Texas 78580

RE: Cause No. 2014-CV-0100-A; Antonio Arriaga v. Obdulia Martinez Arriaga, Antonio Martinez Arriaga, Jr. and Reyna Luisa Martinez Arriaga; In the 197ᵗʰ District Court of Willacy County, Texas

Dear Mr. Lozano:

In regard to the above-referenced cause, enclosed for filing please find the following:

1) Defendants' Motion for Trial Setting; and
2) Order Setting Hearing.

I would like to thank you in advance for the professional courtesies extended to our office.

Should you have any questions regarding this matter, please do not hesitate to contact the office.

Sincerely,

McCullough & McCullough

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Annette C. Hinojosa
Law Office of Annette C. Hinojosa, P.C.
P. O. Box 195/155 N. 3ʳᵈ Street
Raymondville, Texas 78580

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☑ Agent ☐ Addressee
B. Received by (Printed Name) C. Date of Delivery
RYMONDVILLE 9/10/14
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

SEP 10 2014

3. Service Type
☑ Certified Mail ☐ Priority Mail Express™
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ Collect on Delivery
4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)
7009 1680 0001 9162 9896

PS Form 3811, July 2013 Domestic Return Receipt

**McCULLOUGH AND McCULLOUGH**
ATTORNEYS AT LAW
323 E. JACKSON
P.O. Box 2244
HARLINGEN, TEXAS 78551-2244

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL



7009 1680 0001 9162 9872

UNC 9/16 9/25

02 1P    $ 006.48⁰
0000020339   SEP 09 2014
MAILED FROM ZIP CODE 78550

RAYMONDVILLE TX
SEP 10 2014

Antonio Arriaga, Pro Se
294 West San Francisco
Raymondvil

NIXIE      782   DE 1009      0009/28/14

RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD

BC: 7855122444      *1416-11708-89-41



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Antonio Arriaga, Pro Se
294 West San Francisco
Raymondville, Texas 78580

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail ☐ Priority Mail Express™
☐ Registered ☑ Return Receipt for Merchandise
☐ Insured Mail ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)

7009 1680 0001 9162 9872

PS Form 3811, July 2013    Domestic Return Receipt

# McCULLOUGH AND McCULLOUGH
### ATTORNEYS AT LAW
### 323 E. JACKSON
### P.O. Box 2244
### HARLINGEN, TEXAS 78551-2244
### www.gmcculloughlaw.com

GRAHAM McCULLOUGH
GENE McCULLOUGH

TELEPHONE: 956/423-1234
FACSIMILE: 956/423-4976

October 15, 2014

Mr. Gilberto Lozano
Willacy County District Clerk
546 W. Hidalgo, 1st Floor
Raymondville, Texas 78580

RE:   Cause No. 2014-CV-0100-A; Antonio Arriaga v. Obdulia Martinez Arriaga, Antonio Martinez Arriaga, Jr. and Reyna Luisa Martinez Arriaga; In the 197th District Court of Willacy County, Texas

Dear Mr. Lozano:

In regard to the above-referenced cause, enclosed for filing please find the following:

1)   Defendants' Motion to Dismiss Action with Prejudice for Failure to Comply with Court Order and for Termination of Receivership'
2)   Order Setting Hearing; and
3)   Order Granting.

I would like to thank you in advance for the professional courtesies extended to our office.

Should you have any questions regarding this matter, please do not hesitate to contact the office.

Sincerely,



McCULLOUGH AND McCULLOUGH
ATTORNEYS AT LAW
323 E. JACKSON
P.O. BOX 2244
HARLINGEN, TEXAS 78551-2244

11-10

1st Notice
2nd NOTICE
RETURNED

UNC 10/22
10/31/0

AG/
10-16-14

UNC

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL™

7009 1680 0001 9162 9940

Antonio Arriaga, Pro Se
294 West San Francisco
Raymondv



UNITED STATES POSTAGE
PITNEY BOWES
02 1P          $ 006.69⁰
0000020339   OCT 15 2014
MAILED FROM ZIP CODE 78550

RAYMONDVILLE, TX
OCT 16

NIXIE     782   DE 1009      8011/05/14
RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD

BC: 78551224444     *1410-07303-15-44

78585785532234

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Antonio Arriaga, Pro Se
294 West San Francisco
Raymondville, Texas 78580

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail®    ☐ Priority Mail Express™
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)     ☐ Yes

2. Article Number
   (Transfer from     7009 1680 0001 9162 9940

PS Form 3811, July 2013        Domestic Return Receipt

# McCULLOUGH AND McCULLOUGH

ATTORNEYS AT LAW

323 E. JACKSON

P.O. BOX 2244

HARLINGEN, TEXAS 78551-2244

www.gmcculloughlaw.com

GRAHAM McCULLOUGH
GENE McCULLOUGH

TELEPHONE: 956/423-1234
FACSIMILE: 956/423-4976

October 29, 2014

Mr. Gilberto Lozano
Willacy County District Clerk
546 W. Hidalgo, 1st Floor
Raymondville, Texas 78580

RE: Cause No. 2014-CV-0100-A; Antonio Arriaga v. Obdulia Martinez Arriaga, Antonio Martinez Arriaga, Jr. and Reyna Luisa Martinez Arriaga; In the 197th District Court of Willacy County, Texas

Dear Mr. Lozano:

In regard to the above-referenced cause, enclosed for filing please find the following:

1) Defendants' Motion to Dismiss Plea in Intervention;
2) Order Setting Hearing; and
3) Order Granting.

I am requesting that the Court set this motion for November 26, 2014 with our other motions currently set for that same day.

I would like to thank you in advance for the professional courtesies extended to our office.

Should you have any questions regarding this matter, please do not hesitate to contact the office.



**McCULLOUGH AND McCULLOUGH**
ATTORNEYS AT LAW
323 E. JACKSON
P.O. Box 2244
HARLINGEN, TEXAS 78551-2244

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**

7009 1680 0001 9162 9964

1st NOTICE ⎸ 20 14
2nd NOTICE
RETURNED

$ 006.69⁰
02 1P
0000020339   OCT 29 2014
MAILED FROM ZIP CODE 78550

Inez Lara Rosales
2955 32nd Street
Brownsville, Texas 78520

NIXIE      782   DE  1023       0011/17/24

RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD

BC: 78551224444      *1410-03087-29-42

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Inez Lara Rosales
2955 32nd Street
Brownsville, Texas 78520

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)       C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☑ Certified Mail®    ☐ Priority Mail Express™
☐ Registered         ☑ Return Receipt for Merchandise
☐ Insured Mail       ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)             ☐ Yes

2. Article Number
   (Transfer from      7009 1680 0001 9162 9964

PS Form 3811, July 2013          Domestic Return Receipt

**McCULLOUGH AND McCULLOUGH**
ATTORNEYS AT LAW
323 E. JACKSON
P.O. Box 2244
HARLINGEN, TEXAS 78551-2244



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**™



7009 1680 0001 9162 9957

1st NOTICE 11 24 14
2nd NOTICE
RETURNED

UNITED STATES POSTAGE
PITNEY BOWES
02 1P        $ 006.690
0000020339   OCT 29 2014
MAILED FROM ZIP CODE 78550

AG
10-30-14

Antonio Arriaga, Pro Se
294 West San Francisco
Raymondville, Texas 78580

OCT 30 2014
RAYMONDVILLE, TX

NIXIE        782   DE 1009      0011/21/14

RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD

BC: 78551224444     *1410-05631-29-42

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Antonio Arriaga, Pro Se
294 West San Francisco
Raymondville, Texas 78580

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail®   ☐ Priority Mail Express™
☐ Registered        ☒ Return Receipt for Merchandise
☐ Insured Mail       ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from      7009 1680 0001 9162 9957

PS Form 3811, July 2013          Domestic Return Receipt

# ProDoc®eFiling 2

logged in as gene@gmcculloughlaw.com

| Home | Submit Filing | Submit eService | My Filings | My eServices | Firm Management | Resources |

« Back to Home

Print Page

## Filed Date & Time

| Date: | Time: |
|---|---|
| Tuesday, February 10, 2015 | 2:50:08 PM |

| **Filing Status Definitions** | **Envelope Information** |
|---|---|

**Envelope Number:** 4093840
**Case Category:** Civil - Other Civil
**Cause Number:** 13-15-00038-CV

**Court Assignment:** 13th Court of Appeals
**Case Type:** Civil
**Case Title:**

| **Envelope Fee** | **Est.Amount** |
|---|---|

**ProDoc, Inc. or other provider fee:**

| eFiling/eService Fee | $3.00 |
|---|---|
| 8.25% Sales Tax | $0.25 |

**State eFiling System Processing Fees:**

| Convenience Fee | $0.09 |
|---|---|
| **Total Envelope Fees:** | $3.34 |

### Payment Information

**Account Name:** McCullough and McCullough
**Payment Method:** Credit Card
**Credit Card Type:** VISA
**Card Number:** XXXX XXXX XXXX 5684
**Card Expiration Date:** 02/2016
**Transaction Amount:** $3.34
**Transaction Status:** Approved
**Transaction ID:** 6739934
**Transaction Order ID:** 004093840-0

### Personal Information

**Filer:** Gene McCullough
**Attorney of Record:** Gene McCullough
**Firm or Organization:** MCCULLOUGH & MCCULLOUGH
**Bar Number:** 794267

### Service Recipients

### Docketing Statement

| **Filing Fees** | **Filing Information** |
|---|---|
| **Total Filing Fees:** $0.00 | **Current Status:** ✓accepted |
| | **Accepted Date/Time:** 2/10/2015 3:12:30 PM |
| | **Filing Description:** Docketing Statement |
| | **Reference Number:** 212 |

### Document Information

**Document(s) Filed:**

**Lead Document:**

Original - Docketing Statement.pdf [PUBLIC]

Transmitted - Docketing Statement.pdf [PUBLIC]

This site and all contents Copyright ©2003-2015 Thomson Reuters. All rights reserved.

Loading...

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**Antonio Arriaga**
**294 West San Francisco**
**Raymondville, Texas 78580**

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☐ Certified Mail®   ☐ Priority Mail Express™
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)        ☐ Yes

2. Article Number
   (Transfer from service label)    7012 3460 0002 5940 3761

PS Form 3811, July 2013            Domestic Return Receipt

**McCULLOUGH AND McCULLOUGH**
ATTORNEYS AT LAW
323 E. JACKSON
P.O. BOX 2244
HARLINGEN, TEXAS 78551-2244



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**™

7012 3460 0002 5940 3761

3-13-15
2nd NOTICE
RETURNED

UNITED STATES POSTAGE
PITNEY BOWES
02 1P        $ 006.69⁰
0000020339   FEB 10 2015
MAILED FROM ZIP CODE 78550

UNC

Antonio Arriaga
294 West San Francisco
Raymondville, Texas 78580

NIXIE    782   DE 1009      0003/07/15
RETURN TO SENDER
UNCLATMED
UNABLE TO FORWARD
BC: 78551224444    *1410-02769-10-43

78580